William BLESSING, Dec., Carol
Blessing, Executrix,
Petitioners,

v.

**WORKERS' COMPENSATION AP-
PEAL BOARD (HEINTZ COR-
PORATION), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs July 23, 1999.

Decided Aug. 25, 1999.

Patrick M. Donan, Philadelphia, for petitioner.

Donna M. Drosdick, Philadelphia, for respondent.

Before COLINS, President Judge, FRIEDMAN, J., and McCLOSKEY, Senior Judge.

McCLOSKEY, Senior Judge.

William Blessing (Claimant)[1] petitions for review from an order of the Worker's Compensation Appeal Board (Board), affirming a decision of a Workers' Compensation Judge (WCJ), ordering a petition to terminate compensation benefits (termination petition) filed by the Heintz Corporation (Employer) to be withdrawn and dismissing Claimant's petition to seek approval of a compromise and release agreement (compromise and release agreement). We affirm.

1. We note that this appeal has been brought on behalf of William Blessing, now deceased, by Carol Blessing, executrix of the estate of William Blessing. Accordingly, we will refer to William Blessing as Claimant.

On February 17, 1993, Claimant suffered an injury to his right knee (work-related injury) in the course and scope of his employment with Employer. Thereafter, Claimant began receiving compensation pursuant to a notice of compensation payable dated April 26, 1993.

On February 7, 1997, Employer filed a termination petition, alleging that as of November 11, 1996, Claimant had fully recovered from his work-related injury. Claimant filed an answer thereto, denying Employer's allegations. Subsequently, Claimant and Employer began negotiating a settlement of the matter. The parties allegedly agreed to a lump sum payment to Claimant of $35,000.00, without payment of medical expenses. Thereafter, on July 11, 1997, Claimant filed a petition to seek approval of a compromise and release agreement. In this petition, Claimant requested the WCJ's approval of the settlement figure allegedly agreed upon by the parties.

On October 20, 1997, a hearing before the WCJ was held on the matter. At the hearing, counsel for Claimant advised the WCJ that Claimant had executed the compromise and release agreement, but had died prior to Employer's execution thereof. In response to this information, Employer withdrew its termination petition as well as any verbal agreement to a compromise and release of Claimant's work-related injury. Employer then declined to submit the compromise and release agreement to the WCJ for approval, alleging that Claimant had signed the compromise and release agreement before there was an actual agreement between the parties.

Counsel for Claimant sought to present evidence in support of approval of the compromise and release agreement. Specifi-

cally, counsel sought to introduce documents and the testimony of Claimant's widow to show that Claimant knew what he was signing when he executed the compromise and release agreement. Counsel for Employer objected to the presentation of such evidence. Thereafter, the WCJ refused to allow any evidence and closed the record.

In an opinion dated November 6, 1997, the WCJ made the following relevant conclusions of law:

2. [Employer's] termination petition should be marked withdrawn.

3. Claimant's [c]ompromise and [r]elease [p]etition should be dismissed as the proposed compromise and release by stipulation has not been signed by both parties and Claimant is now deceased.

(R.R. at 25a–26a). Accordingly, the WCJ entered an order directing that Employer's termination petition be marked withdrawn and dismissing Claimant's petition to seek approval of a compromise and release agreement.

Thereafter, Claimant appealed the WCJ's decision to the Board. On March 10, 1999, the Board affirmed the decision of the WCJ. The instant appeal followed.

On appeal to this Court,[2] Claimant asserts that the Board erred in affirming the WCJ's dismissal of his petition to seek approval of a compromise and release agreement and in refusing to accept evidence pertaining thereto. Specifically, Claimant contends that nothing in Section 449 of the Workers' Compensation Act (Act),[3] prevents him from presenting the compromise and release agreement to the WCJ for approval.

▆▆▆ We do not agree. Section 449(b) of the Act provides in relevant part:

**2.** Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

*Russell v. Workmen's Compensation Appeal Board (Volkswagen of America)*, 121 Pa. Cmwlth. 436, 550 A.2d 1364 (1988).

**3.** Act of June 2, 1915, P.L. 736, *as amended, added by*, Act of June 24, 1996, P.L. 350, 77 P.S. § 1000.5(b).

Upon or after filing a petition, *the employer or insurer may* submit the proposed compromise and release by stipulation *signed by both parties* to the [WCJ] for approval. The [WCJ] shall consider the petition and the proposed agreement in open hearing and shall render a decision. The [WCJ] shall not approve any compromise and release agreement unless he first determines that the claimant understands the full legal significance of the agreement. (Emphasis added.)

Additionally, the law is well-settled that where the language of a statute is clear, words and phrases contained therein must be construed according to their plain meaning. Section 1903(a) of the Statutory Construction Act of 1972, 1 Pa.C.S. § 1903(a); *Kulzer Roofing, Inc. v. Department of Labor and Industry,* 68 Pa. Cmwlth. 642, 450 A.2d 259 (1982). Furthermore, in applying the rules of statutory construction, the inclusion of a specific matter in a statute implies the exclusion of other matters. *Pane v. Department of Highways,* 422 Pa. 489, 222 A.2d 913 (1966).

Applying the aforementioned principles, the plain language of Section 449(b) of the Act clearly specifies the requirements of a valid compromise and release agreement: that the *Employer or insurer* are the only parties which may submit a compromise and release agreement to a WCJ for approval; and that such agreement must be *signed by both parties.* In the case at bar, a thorough review of the record reveals that Claimant, *not* Employer, submitted the compromise and release agreement to the WCJ for approval and that such agreement was admittedly signed *only* by Claimant, *not* Claimant *and* Employer. (R. at N.T. October 20, 1997, at 8).

Thus, we conclude that the compromise and release agreement and the submission thereof to the WCJ failed to comport with the requirements of Section 449(b) of the Act. As such, we cannot say

that the WCJ erred when he dismissed Claimant's petition to seek approval of a compromise and release agreement and refused to accept evidence thereon.

Accordingly, the order of the Board is affirmed.

## O R D E R

AND NOW, this 25th day of August, 1999, the order of the Workers' Compensation Appeal Board is AFFIRMED.