**Horace RISSMILLER, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (WARMINSTER TOWNSHIP), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 4, 2000.

Decided Feb. 21, 2001.

Charles J. Arena, Blue Bell, for petitioner.

David S. Reno, Fort Washington, for respondent.

Before SMITH, Judge, LEADBETTER, Judge, and NARICK, Senior Judge.

LEADBETTER, Judge.

Petitioner claims in this appeal that an oral agreement to settle a workers' compensation subrogation dispute is enforceable. Based upon both the applicable statute and recent caselaw, we hold that it is not, and thus affirm the order of the Workers' Compensation Appeal Board (Board).

In 1995, claimant Horace B. Rissmiller suffered a work-related motor vehicle accident for which he received temporary total disability benefits of $509 per week. Claimant, meanwhile, filed claims against the third party tortfeasor and his employer's underinsured motorist carrier. Those claims were resolved in 1997 for a combined recovery of $56,100. Employer's workers' compensation insurance carrier then filed a Petition for Modification of Compensation Benefits claiming a subrogation lien against the recovery.

Prior to the scheduled May 4, 1999 hearing before a Workers' Compensation Judge (WCJ), claimant and relevant insur-

ance agencies allegedly reached an oral agreement whereby claimant stipulated that insurers were entitled to a lien for the full $56,100.80, and in exchange insurers agreed to deduct only $100.00 per week from claimant's $509.00 weekly disability payments until the lien was paid off. Subsequently, the insurers allegedly "changed their mind" and refused to reduce the agreement to writing. The WCJ refused to take evidence on this matter, however, stating, "We believe such an oral agreement to be inadmissible and unenforceable in Workers' Compensation and, therefore, we have not permitted the proof offered by Claimant's counsel." WCJ Opinion at 7. This determination was affirmed by the Board.

Appellant cites numerous cases upholding the general principle that oral contracts are enforceable, but the majority occur outside the workers' compensation setting, and are therefore not helpful to the present inquiry. Further, the few cases involving workers' compensation were published prior to the 1996 amendment which established a rule for allowing settlement between parties in workers' compensation cases. The relevant portions of Sections 449(b) & (c) of the Workers' Compensation Act[1] now read:

> (b) Upon or after filing a petition, the employer or insurer may submit the proposed compromise and release by stipulation signed by both parties to the workers' compensation judge for approval. The workers' compensation judge shall consider the petition and the proposed agreement in open hearing and shall render a decision. The workers' compensation judge shall not approve any compromise and release agreement unless he first determines that the claimant understands the full legal significance of the agreement. The agreement must be explicit with regard to the payment, if any, of reasonable, necessary and related medical expenses. Hearings on the issue of a compromise and release shall be expedited by the department, and the decision shall be issued within thirty days.

> (c) Every compromise and release by stipulation shall be in writing and duly executed, and the signature of the employe, widow or widower or dependent shall be attested by two witnesses or acknowledged before a notary public.

77 P.S. § 1000.5(b) & (c). To date, this statute has been interpreted only in *Blessing v. Workers' Compensation Appeal Board (Heintz Corp.)*, 737 A.2d 820 (Pa. Cmwlth.1999). In *Blessing,* an employer and claimant allegedly entered into an oral agreement to settle a claim with a lump sum payment, and claimant filed a petition seeking the WCJ's approval. The agreement was reduced to writing and executed by the claimant, but claimant died prior to a scheduled hearing, and at that hearing, "Employer withdrew ... any verbal agreement to a compromise and release of Claimant's work-related injury. Employer then declined to submit the compromise and release agreement to the WCJ for approval." *Blessing,* 737 A.2d at 821. The *Blessing* Court strictly construed the language of the statute, finding an oral agreement would not be binding:

> [T]he plain language of Section 449(b) of the Act clearly specifies that [a valid compromise and release] agreement must be signed by both parties. In the case at bar, a thorough review of the record reveals...that such agreement was admittedly signed only by Claimant, not Claimant and Employer.

*Id.* (citation omitted).

In the present case, no compromise and release agreement was submitted at all. Instead, appellant asks the court to disregard the statutorily imposed procedure and permit evidence of an oral agreement under common law contract principles.

---

1. Act of June 2, 1915, P.L. 736, *as amended,* added by, Act of June 24, 1996, P.L. 350, 77 P.S. § 1000.5(b) & (c).

This we will not do. Allowing such evidence would eviscerate both the letter and the spirit of 77 P.S. § 1000.5.

The order of the Workers' Compensation Appeal Board is therefore affirmed.

### ORDER

AND NOW, this 21st day of February, 2001, the order of the Workers' Compensation Appeal Board in the above captioned matter is affirmed.