Linda LEBID (Deceased) by John R. LEBID, Petitioner,

v.

WORKERS' COMPENSATION APPEAL BOARD (County of Chester), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 2, 2001.
Decided March 23, 2001.

Dennis L. Plank, Lancaster, for petitioner.

Daniel M. Lieberman, Lancaster, for respondent.

Before SMITH, FRIEDMAN, JJ., and McCLOSKEY, Senior Judge.

FRIEDMAN, Judge.

Linda Lebid (Deceased) by John R. Lebid [1] petitions for review of the August 23, 2000 order of the Workers' Compensation Appeal Board (WCAB), which affirmed the decision of a workers' compensation judge (WCJ) to deny and dismiss the employee's Petition to Seek Approval of a Compromise and Release Agreement (Petition). We affirm.

The parties have stipulated that, on March 4, 1986, the employee sustained a work-related injury to her low back in the course of her employment as a recreational therapist at the Pocopson Home, a retirement home operated by the County of Chester (Employer). (Stipulation of Facts, Nos. 1–2.) [2] Since the injury, the employee received approximately $465,000 in indemnity and medical benefits. (Stipulation of Facts, No. 2.)

The employee's husband, utilizing a Durable Power of Attorney executed by the employee, negotiated a compromise and release of future indemnity and medical benefits in exchange for a lump sum payment of $135,000. (Stipulation of Facts, No. 3.) The verbal agreement was reached with Employer on March 13, 1998. (Stipulation of Facts, No. 5.) On April 9, 1998, the employee filed the Petition with the WCJ, and a hearing was scheduled for July 23, 1998. (Stipulation of Facts, No. 3.) However, on May 15, 1998, prior to the scheduled hearing and prior to execution of any settlement documents, the employee died from a pulmonary fibrosis condition. (Stipulation of Facts, Nos. 4–5.)

The employee's husband appeared at the scheduled hearing on behalf of the employee's estate and asked the WCJ to grant the Petition and approve the March 13, 1998 verbal agreement. Employer argued that, because of the employee's death, the matter was moot. (Stipulation of Facts, No. 5.) After the hearing, Claimant submitted a completed form LIBC 755, Compromise and Release Agreement by Stipulation Pursuant to Section 449 of the Workers' Compensation Act (Act). [3] The agreement was not executed by either of the parties or witnessed as required by statute. (WCJ's Conclusions of Law, No. 4.)

After considering the matter, the WCJ denied and dismissed the Petition because the statutory requirements for a compromise and release agreement were not met. Claimant appealed to the WCAB, which affirmed the WCJ's decision. Claimant now appeals to this court, arguing that the WCJ, affirmed by the WCAB, erred in denying and dismissing the Petition. We disagree. [4]

Section 449 of the Act, 77 P.S. § 1000.5 (emphasis added), provides, in pertinent part, as follows:

1. In this opinion, we shall refer to Linda Lebid (Deceased) as "the employee" and to John R. Lebid as "Claimant."

2. The WCJ adopted the parties' stipulation of facts as findings of fact. (WCJ's Findings of Fact, No. 1.)

3. Act of June 2, 1915, P.L. 736, added by section 22 of the Act of June 24, 1996, P.L. 350, *as amended,* 77 P.S. § 1000.5.

4. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

(a) Nothing in this act shall impair the right of the parties interested to compromise and release, *subject to the provisions herein contained,* any and all liability which is claimed to exist under this act on account of injury or death. (b) Upon or after filing a petition, *the employer or insurer may submit* the proposed compromise and release by stipulation *signed by both parties* to the [WCJ] for approval. The [WCJ] shall consider the petition and the proposed agreement in open hearing and shall render a decision. The [WCJ] shall not approve any compromise and release agreement unless he first determines that the claimant understands the full legal significance of the agreement.... (c) *Every* compromise and release by stipulation *shall be in writing and duly executed,* and the signature of the employe, widow or widower or dependent shall be attested by two witnesses or acknowledged before a notary public....

■ First, the statute clearly states that the right of parties to enter into a compromise and release agreement is subject to the provisions in section 449 of the Act.[5] Section 449(a) of the Act, 77 P.S. § 1000.5(a). Second, section 449 provides that the employer or insurer, *not* the claimant, may submit a proposed compromise and release agreement to a WCJ for approval. Section 449(b) of the Act, 77 P.S. § 1000.5(b). Third, where the parties seek a WCJ's approval, the proposed compromise and release agreement must be in writing and properly executed. Sections 449(b) and (c) of the Act, 77 P.S. §§ 1000.5(b) and (c). Thus, here, it would

have been an error of law for the WCJ to approve either the parties' verbal agreement or the unsigned form LIBC–755. *See Blessing v. Workers' Compensation Appeal Board (Heintz Corporation),* 737 A.2d 820 (Pa.Cmwlth.1999), *appeal denied,* 561 Pa. 701, 751 A.2d 193 (2000).

Accordingly, we affirm.

### ORDER

AND NOW, this 23rd day of March, 2001, the order of the Workers' Compensation Appeal Board, dated August 23, 2000, is hereby affirmed.

SMITH, Judge, dissenting.

I respectfully dissent from the majority's conclusion that Section 449 of the Workers' Compensation Act[1] permits employers to avoid agreements that they validly make with claimants simply on account of a claimant's death. A logical and fair reading of Section 449 compels the conclusion that a compromise and release may be effectuated after the death of a claimant in some circumstances, particularly when counsel for the employer as here enters into a stipulation acknowledging on behalf of the employer that an agreement had been reached. Reading Section 449 to prevent the execution of a compromise and release agreement after a claimant's death directly conflicts with the section's provision for execution by signature of the claimant's "widow or widower."

I cannot agree that Section 449 is intended to allow an employer to simply change its mind and refuse to honor an agreement which it has admitted to having entered in a written stipulation. *Compare*

---

5. We note that the provisions of section 449 of the Act must be strictly construed. *Rissmiller v. Workers' Compensation Appeal Board (Warminster Township),* 768 A.2d 1212 (Pa. Cmwlth. 2001).

1. Act of June 2, 1915, P.L. 736, *as amended,* added by Section 22 of the Act of June 24, 1996, P.L. 350, 77 P.S. § 1000.5.

*Rissmiller v. Workers' Compensation Appeal Board (Warminster Township)*, 768 A.2d 1212 (Pa.Cmwlth. 2001) (holding that an oral compromise and release agreement was unenforceable where there was no written stipulation between the parties). Section 449 is intended to ensure that compromise and release agreements are properly reached and that claimants fully understand the legal significance of such agreements. The majority's conclusion that employers may use Section 449 to avoid obligations is inconsistent with the well-settled principle that the Act be liberally construed in the injured employee's favor and in furtherance of its humanitarian purpose. *Gardner v. Erie Insurance Co.*, 555 Pa. 59, 722 A.2d 1041 (1999).[2]

Furthermore, I strongly disagree with the majority's assertion that a claimant may not submit a compromise and release agreement to a WCJ for approval. Section 449(b) specifically allows employers and insurers to submit the agreement to the WCJ, but it does not contain language prohibiting claimants from doing so. I can fathom no reason why the legislature could have intended to prohibit a claimant from providing the WCJ with a stipulation which both parties have signed.

---

**2.** The Court's decision in *Blessing v. Workers' Compensation Appeal Board (Heintz Corp.)*, 737 A.2d 820 (Pa.Cmwlth.1999), *appeal denied*, 561 Pa. 701, 751 A.2d 193 (2000), is distinguishable. In *Blessing* the employer refused to sign or submit a written compromise and release agreement to the WCJ and maintained that no actual agreement had been reached between the parties.