**Sylvio M. FACCHINE, Deceased, Barbara Spinda, legal representative, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (PURE CARBON CO. AND PMA GROUP), Respondents.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 19, 2005.

Decided Sept. 23, 2005.

Gregory M. Strouse, Lock Haven, for petitioner.

Carl N. Moore, Erie, for respondent, Pure Carbon Company.

BEFORE: PELLEGRINI, Judge, and COHN JUBELIRER, Judge, and SIMPSON, Judge.

OPINION BY Judge SIMPSON.

In this workers' compensation case we are asked to enforce an oral settlement agreement where the injured worker died before the agreement was written, signed and approved. Sylvio M. Facchine (Deceased) through Barbara Spinda (Executrix), Deceased's niece and executrix of his estate, challenges an order of the Workers' Compensation Appeal Board (Board) that denied a petition seeking approval of a compromise and release agreement (C & R Agreement). Because the statutory requirements for approval of the C & R Agreement were not satisfied, we affirm.

The underlying facts of the case are not in dispute. By award, Deceased received workers' compensation benefits for a 1991 injury in the nature of chronic obstructive pulmonary disease arising from his employment with Pure Carbon Company/Stackpole Corporation (Employer). Disability began in 1993. About 10 years later, in late December 2003, Employer's attorney and Deceased's attorney agreed to seek approval of a proposed C & R Agreement. Subsequently, Employer's attorney confirmed the agreement in two letters.

Shortly thereafter, Deceased's attorney filed a petition seeking approval of the C & R Agreement. However, on January 16, 2004, Deceased died. Due to the timing of his death, Deceased neither executed a C & R Agreement form (LIBC–755) nor testified at an approval hearing. Nevertheless, following death, Executrix sought approval of the proposed C & R Agreement, and a hearing ensued before a WCJ.

At the hearing, Executrix testified and presented the testimony of Gina Haupricht, another of Deceased's nieces.[1] Each described their relationship with Deceased, and both testified to numerous conversations with Deceased in which he expressed his desire to accept the proposed C & R Agreement. Also, the attorneys stipulated to various facts, including their agreement.

In his opinion, the WCJ determined the parties entered into an agreement to seek approval of a C & R Agreement in which Deceased would compromise and release all future benefits in consideration of the lump sum payment of $105,000.00.[2] Further, finding the testimony of Deceased's

---

1. At the time of his death, Deceased was a widower and left no surviving children. As such, Deceased devised everything to his four nieces.

2. Of the $105,000.00, $15,000.00 was to be set aside for medical costs and expenses, and $90,000.00 was attributed to wage loss, with $10,000.00 to be paid to Deceased's attorney. WCJ's Op., Finding of Fact No. 5(a).

nieces credible, the WCJ determined Deceased intended to proceed with the proposed C & R Agreement, and he understood the full factual and legal significance of the proposed Agreement.

■ Nevertheless, the WCJ denied approval of the C & R Agreement, concluding Deceased failed to sustain his burden of proof under Section 449 of the Workers' Compensation Act (Act).[3] The WCJ explained:

[T]he [Act] clearly states that the right of parties to enter into a [C & R Agreement] is subject to the provisions in Section 449 of the Act. Presently, no written [C & R Agreement] was ever prepared, prior to Deceased's death, nor is there any testimony that [Deceased] had an opportunity to review such [a]greement, nor was there any execution of any documentation formalizing such [a]greement by [Deceased] and/or either party. It is further concluded, that in the absence of a hearing before a[WCJ], at which time the testimony of the individual compromising his [w]orkers' [c]ompensation claim was presented, that no approval of the [C & R Agreement] may be completed.

WCJ's Op., Concl. of Law No. 2 (citation omitted). Executrix appealed, and the Board affirmed. This appeal followed.[4]

■ On appeal, Executrix first argues the Board erred in denying approval of the proposed C & R Agreement because the parties substantially complied with the statutory requirements of Section 449. Specifically, Executrix maintains the C & R Agreement must be approved because the WCJ determined Deceased understood the factual and legal significance of the Agreement, and the parties confirmed the agreement in writing. We disagree.

Section 449 of the Act provides, in relevant part:

(a) Nothing in this act shall impair the right of the parties interested to compromise and release, *subject to the provisions herein contained,* any and all liability which is claimed to exist under this act on account of injury or death.

(b) Upon or after filing a petition, the employer or insurer may submit *the proposed compromise and release by stipulation signed by both parties* to the [WCJ] for approval. The [WCJ] shall consider the petition and the proposed agreement in open hearing and shall render a decision....

(c) *Every compromise and release by stipulation shall be in writing and duly executed,* and the signature of the employe, widow or widower or dependant shall be *attested by two witnesses or acknowledged before a notary public.*
. . .

77 P.S. § 1000.5 (emphasis added).

■ This Court consistently holds the parties' failure to satisfy these statutory requirements precludes the approval of a compromise and release agreement. *Lebid v. Workers' Comp. Appeal Bd. (County of Chester),* 771 A.2d 79 (Pa.Cmwlth.2001); *Rissmiller v. Workers' Comp. Appeal Bd. (Warminster Twp.),* 768 A.2d 1212 (Pa. Cmwlth.2001)(oral settlement resolving workers' compensation subrogation dispute not admissible and not binding); *Blessing v. Workers' Comp. Appeal Bd. (Heintz Corp.),* 737 A.2d 820 (Pa.Cmwlth.1999)(oral

---

**3.** Act of June 2, 1915, P.L. 736, *added by* Section 22 of the Act of June 24, 1996, P.L. 350, *as amended,* 77 P.S. § 1000.5.

**4.** Our review is limited to determining whether an error of law was committed, whether necessary findings of fact are supported by substantial evidence or whether constitutional rights were violated. *Farner v. Workers' Comp. Appeal Bd. (Rockwell Int'l),* 869 A.2d 1075 (Pa.Cmwlth.2005).

settlement not reduced to writing signed by claimant and not approved before death not enforceable).[5]

Our most recent decision in *Lebid,* is controlling. There, the claimant sought approval of a compromise and release agreement. Before testifying at the approval hearing or executing any formal documentation, however, the claimant died. The employer stipulated that an oral agreement was reached. Nevertheless, the WCJ denied approval of the compromise and release agreement. Agreeing with the WCJ's determination, we held:

> First, the statute clearly states that the right of the parties to enter into a compromise and release agreement is subject to the provisions of [S]ection 449 of the Act.... Section 449(a) of the Act, 77 P.S. § 1000.5(a). Second, [S]ection 449 provides that the employer or insurer, *not* the claimant, may submit a proposed compromise and release agreement to a WCJ for approval. Section 449(b) of the Act, 77 P.S. § 1000.5(b). Third, where the parties seek a WCJ's approval, the proposed compromise and release agreement must be in writing and properly executed. Section 449(b) and (c) of the Act, 77 P.S. § 1000.5(b) and (c). Thus, here, it would have been an error of law for the WCJ to approve either the parties' verbal agreement or the unsigned form LIBC–755.

*Id.* at 81 (citation and footnote omitted, emphasis in original).

Here, as in *Lebid,* the statutory requirements were never satisfied even though the existence of an oral agreement was established. Specifically, the C & R Agreement was never memorialized in any writing signed by Deceased before witnesses. As such, we discern no error the WCJ's decision to deny approval of the C & R Agreement. *Lebid.*

The additional finding here that Deceased understood the factual and legal significance of the proposed C & R Agreement does not compel a different result, for two reasons. First, the Act specifically mandates "every" such agreement be in writing signed by the parties. The plain terms of the Act admit of no exceptions, not even for an understanding claimant. Second, the Act does not provide for someone other than an employee, surviving spouse or dependent to sign such an agreement. Thus, there is no statutory provision for completion of the process by and payment to a different individual, such as a personal representative. Here, none of the authorized individuals exist.

Executrix also argues the Board's strict interpretation of Section 449 violates the Act's longstanding principle of liberal construction in order to effectuate its humanitarian objectives. Again, we disagree.

Because the plain language of Section 449 of the Act is free and clear from all ambiguity, we may not disregard it under the pretext of pursuing the Act's spirit. *See* 1 Pa.C.S. § 1921(b). As such, resort to statutory construction is unnecessary.[6]

Accordingly, we affirm.

---

**5.** These cases are consistent with common law authority holding that where court approval of settlement is required, an agreement is not binding until approved by a judge. *E.g., Harris v. Hosp. of Univ. of Pennsylvania,* 744 A.2d 769 (Pa.Super.1999)(minor's compromise, settlement of action by estate); *see* 20 Pa.C.S. § 3323 (court approval required for compromise of suit by or against estate); Pa. R.C.P. No.2039 (court approval required for action to which minor is a party); Pa. R.C.P. No.2064 (court approval required for action to which incapacitated person is a party); Pa. R.C.P. No. 2206 (court approval required for settlement of wrongful death action to which minor or incapacitated person is a party; court shall enter distribution order in all wrongful death actions).

**6.** Moreover, were we to resort to interpreting Section 449 using the principles of statutory

### ORDER

AND NOW, this 23rd day of September, 2005, the order of the Workers' Compensation Appeal Board is hereby **AFFIRMED**.

construction, Executrix's argument would fail because case law mandates we construe the provisions of Section 449 strictly. *See Rissmiller.*