**John FRATTA and/or Kathleen Fratta, as the Administratrix and Personal Representative of the Estate of John Fratta, Deceased, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (AUSTIN TRUCK RENTAL), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 23, 2005.

Decided Feb. 16, 2006.

---

appear to have shorter hair than one with straight hair falling to collar.

Vance E. Meixsell, Sciota, for petitioners.

William E. Wyatt, Jr., Scranton, for respondent.

BEFORE: SMITH–RIBNER, Judge, COHN JUBELIRER, Judge, FLAHERTY, Senior Judge.

OPINION BY Senior Judge FLAHERTY.

Kathleen Fratta (Mrs. Fratta), the wife of John Fratta, the deceased Claimant in this case and the Administratrix and Personal Representative of his Estate, petitions for review of a decision of the Workers' Compensation Appeal Board (Board) which affirmed the decision of a Workers' Compensation Judge (WCJ) withdrawing the Petition to Seek Approval of a Compromise and Release Agreement (C & R Agreement) submitted by Austin Truck Rental (Employer) following Claimant's death. We affirm for the reasons set forth below.

Pursuant to a Notice of Compensation Payable, Claimant began receiving benefits for a work-related injury that occurred on November 11, 1990. On July 26, 2002, Employer filed a Petition to Seek Approval of a C & R Agreement stating that the parties have agreed to a Compromise and Release and that they are seeking assignment to a WCJ for approval. In addition, Claimant signed the Compromise and Release Agreement before a notary. On August 9, 2002, a hearing was scheduled for August 30, 2002. However, Claimant passed away on August 15, 2002 due to a condition unrelated to the work injury. By letter dated August 26, 2002, Employer's attorney advised the WCJ that, due to Claimant's death, it was withdrawing its Petition to Seek Approval of the C & R Agreement. We also note that the C & R Agreement was never signed by a representative of Employer.

At the hearing on August 30, 2002, Mrs. Fratta requested that the C & R Agreement be approved. Employer objected and cited this Court's decision in *Blessing v. Workers' Compensation Appeal Board, (Heintz Corporation)*, 737 A.2d 820 (Pa. Cmwlth.1999), *petition for allowance of appeal denied*, 561 Pa. 701, 751 A.2d 193 (2000). By decision dated June 29, 2004, the WCJ concluded that a valid C & R Agreement did not exist because the requirements of Section 449 of the Workers' Compensation Act, Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 1000.5, had not been met. In support of his conclusion, the WCJ cited our decision in *Lebid v. Workers' Compensation Appeal Board (County of Chester)*, 771 A.2d 79 (Pa.Cmwlth.2001). Accordingly, the WCJ withdrew the Petition Seeking Approval of C & R Agreement. Mrs. Fratta appealed to the Board, which affirmed the decision of the WCJ. Mrs. Fratta's appeal to this Court followed.[1]

Section 449 of the Act provides, in relevant part, that:

1. This court's appellate review over an order of the Board is limited to determining whether the necessary findings of fact are supported by substantial evidence, whether Board procedures were violated, whether constitutional rights were violated or an error of law was committed. *Republic Steel Corporation v. Workmen's Compensation Appeal Board (Petrisek)*, 537 Pa. 32, 640 A.2d 1266 (1994).

(a) Nothing in this act shall impair the right of the parties interested to compromise and release, subject to the provisions herein contained, any and all liability which is claimed to exist under this act on account of injury or death. (b) Upon or after filing a petition, the employer or insurer may submit the proposed compromise and release by stipulation signed by both parties to the workers' compensation judge for approval. The workers' compensation judge shall consider the petition and the proposed agreement in open hearing and shall render a decision. *The workers' compensation judge shall not approve any compromise and release agreement unless he first determines that the claimant understands the full legal significance of the agreement.* The agreement must be explicit with regard to the payment, if any, of reasonable, necessary and related medical expenses. Hearings on the issue of a compromise and release shall be expedited by the department, and the decision shall be issued within thirty days. (c) Every compromise and release by stipulation shall be in writing and duly executed, and the signature of the employe, widow or widower or dependent shall be attested by two witnesses or acknowledged before a notary public …

77 P.S. § 1000.5 (emphasis added).

■ In *Lebid*, the claimant and the employer negotiated a compromise and release. However, the claimant died prior to the scheduled hearing before the WCJ. At the hearing, the claimant's husband submitted a completed Compromise and Release Agreement by Stipulation to the WCJ. However, it was not executed by either party or witnessed as required by the Act. After considering the matter, the WCJ denied and dismissed the petition to approve the C & R Agreement because the statutory requirements had not been met. Claimant appealed to the Board, which affirmed the WCJ. On appeal, we affirmed the Board and stated that:

> First, the statute clearly states that the right of parties to enter into a compromise and release agreement is subject to the provisions in section 449 of the Act.[5] Section 449(a) of the Act, 77 P.S. § 1000.5(a). Second, section 449 provides that the employer or insurer, not the claimant, may submit a proposed compromise and release agreement to a WCJ for approval. Section 449(b) of the Act, 77 P.S. § 1000.5(b). Third, where the parties seek a WCJ's approval, the proposed compromise and release agreement must be in writing and properly executed. Sections 449(b) and (c) of the Act, 77 P.S. §§ 1000.5(b) and (c). Thus, here, it would have been an error of law for the WCJ to approve either the parties' verbal agreement or the unsigned form LIBC–755. See *Blessing v. Workers' Compensation Appeal Board (Heintz Corporation)*, 737 A.2d 820 (Pa. Cmwlth.1999), appeal denied, 561 Pa. 701, 751 A.2d 193 (2000).

---

[5] We note that the provisions of section 449 of the Act must be strictly construed. *Rissmiller v. Workers' Compensation Appeal Board (Warminster Township)*, 768 A.2d 1212 (Pa.Cmwlth.2001).

*Id.*, 771 A.2d 79 at 81. In *Blessing*, the claimant, rather than employer, submitted the C & R Agreement to the WCJ for approval. The WCJ dismissed the claimant's petition for approval of the C & R Agreement, and the Board affirmed. On appeal, we affirmed the Board and held that it was improper for the claimant to submit the C & R Agreement to the WCJ for approval because Section 449 clearly specifies that the employer or the insurer are the only parties that can make such a submission.

Another case dealing with compromise and release agreements and the death of the claimant is *Department of Corrections v. Workers' Compensation Appeal Board, (McClellan),* 794 A.2d 977 (Pa.Cmwlth. 2002). In that case, the WCJ indicated at the hearing that he was going to approve the C & R Agreement. The claimant died a few hours after the hearing, but the WCJ was unaware of this fact when, the next morning, he signed and circulated his written decision approving the C & R Agreement. On appeal, the employer argued that, pursuant to *Blessing,* the WCJ erred by approving the C & R Agreement. We disagreed and held that *Blessing* was distinguishable because, unlike *Blessing,* the claimant did appear before the WCJ to testify regarding whether he understood the legal significance of the C & R Agreement and because the other statutory requirements of Section 449 had been fulfilled.

Fist, we address Mrs. Fratta's argument that *Blessing* and its progeny were wrongly decided and that the contract doctrine of substantial performance requires that the C & R Agreement be enforced.

■ Pursuant to Section 1921(a) of the Statutory Construction Act, 1 Pa.C.S. § 1921(a), we must construe a statute to give effect to all of its provisions. Section 449(b) provides that "[t]he workers' compensation judge shall not approve any compromise and release agreement unless he first determines that *the claimant* understands the full legal significance of the agreement." Obviously, a deceased claimant cannot appear at a hearing so that the WCJ can determine whether he understands the legal significance of the agreement. We note that Section 449(c) does state that "[e]very compromise and release by stipulation shall be in writing and duly executed, and the signature of the employe, *widow or widower* or dependent

shall be attested by two witnesses or acknowledged before a notary public . . ." However, the mention of widows and widowers obviously refers to situations where there is a fatal claim petition and the widow or widower *is* the claimant that is seeking benefits. If we interpreted this to refer to the widows or widowers of employees, such as in this case, who are injured and then die for non work-related reasons, then no effect would be given to Section 449(b) requiring the WCJ to ascertain whether the claimant understands the C & R Agreement, which would be in derogation of Section 1921(a) of the Statutory Construction Act. For these reasons, we believe that *Blessing* and its progeny correctly interpreted Section 449 of the Act and we reject Mrs. Fratta's argument that the doctrine of substantial performance requires that the C & R Agreement be enforced in this case.

However, on appeal Mrs. Fratta also argues that Section 449 of the Act is unconstitutional. In the previous cases cited above, the parties did not question the constitutionality of Section 449. Thus, whether Section 449 is constitutional is a question of first impression. We also note that constitutional questions are outside the scope of review of the Board and, thus, the constitutionality of Section 449 has not yet been addressed in this case. Therefore, we will proceed to address Mrs. Fratta's constitutional arguments.

■ Initially, we note that a statute is presumed to be constitutional and will not be declared otherwise unless it clearly, palpably and plainly violates the Constitution. *Singer v. Sheppard,* 464 Pa. 387, 346 A.2d 897 (1975). The Fourteenth Amendment to the United States Constitution provides, in relevant part, that:

Section 1. No state shall make or enforce any law which shall abridge the privileges or immunities of citizens of

the United States; nor shall any. state deprive any person of life, liberty, or property, without due process of law; *nor deny to any person within its jurisdiction the equal protection of the laws.* (emphasis added). In addition, Article I, Section 26 of the Pennsylvania Constitution provides that:

Neither the Commonwealth nor any political subdivision thereof shall deny to any person the enjoyment of any civil right, nor discriminate against any person in the exercise of any civil right.

Mrs. Fratta argues that the right of the decedent Claimant's estate to equal protection is violated because she is not allowed to participate in a compromise and release of the decedent Claimant's workers' compensation claim. Specifically, Mrs. Fratta argues that Section 449 of the Act violates the Equal Protection Clause because it treats two similarly situated groups differently without a rational basis by "giving a right and remedy to those whose Claimant dies of a work related injury and taking a way a right and remedy from those whose Claimant has died from a disease or condition different from his/her ongoing work injury prior to a hearing." (Mrs. Fratta's brief, p. 18).

■ First, we note that, in this case, the two groups are not both "claimants" as Mrs. Fratta suggests. Rather, in situations where there is a fatal claim petition, the deceased employee is never a "claimant". Rather, the people in the position of the "claimant" are the dependents of the deceased employee. Thus, the two groups in this case are more accurately described as: 1) the dependents of employees who die as a result of a work-related accident and 2) the beneficiaries of a deceased claimant who was receiving workers' compensation benefits and who died from something other than a work-related accident and was thus not able to attend the compromise and release agreement hearing.

■ We note that different governmental classifications are subject to different levels of scrutiny based on the type of classification. *Correll v. Department of Transportation, Bureau of Driver Licensing,* 726 A.2d 427, 430 (Pa.Cmwlth.1999). However, Section 449 is facially non-discriminatory, makes no distinction between two different groups of "claimants" and makes no classification between the dependents of employees who die as a result of a work-related accident and the beneficiaries of a deceased claimant who was receiving workers' compensation benefits and who died from something other than a work-related accident and was thus not able to attend the compromise and release agreement hearing.[2] Therefore, we need not address the appropriate level of scrutiny that should be applied. *Id.* However, a neutral statute may still be invalid if it reflects invidious discrimination. Furthermore, the impact of that discrimination must be traceable to purposeful discrimination in order to be constitutionally invalid. *See Klesh v. Department of Public Welfare,* 55 Pa.Cmwlth. 587, 423 A.2d 1348, 1351 (1980) (citing *Personnel Administrator of Massachusetts v. Feeney,* 442 U.S. 256, 99 S.Ct. 2282, 60 L.Ed.2d 870 (1979) and *Washington v. Davis,* 426 U.S. 229, 96 S.Ct. 2040, 48 L.Ed.2d 597 (1976)). In this case, there is no evidence that the Legislature has purposefully discriminated against the beneficiaries of deceased claim-

---

**2.** Rather, the requirement in Section 449 that the WCJ must ascertain whether the claimant understands the compromise and release agreement only has the effect of excluding the beneficiaries of deceased claimants from the compromise and release process because, obviously, a deceased claimant cannot attend a compromise and release hearing.

ants with regard to the compromise and release of workers' compensation claims. Therefore, we reject Mrs. Fratta's argument that Section 449 violates the Equal Protection Clause.

Mrs. Fratta also argues that her substantive and procedural due process rights are infringed by not being allowed to participate in the compromise and release process.[3] We disagree. It is well-settled that a statute violates substantive due process by depriving a person of a constitutionally protected interest through means that are not rationally related to a valid state objective. *Pennsylvania Medical Society v. Foster*, 147 Pa.Cmwlth. 528, 608 A.2d 633 (1992). Because we do not believe that the compromise and release of workers' compensation claims is a constitutionally protected interest, we find no due process violation.

Accordingly, the order of the Board is affirmed.

Judge SMITH–RIBNER concurs in result only.

### ORDER

AND NOW, February 16, 2006, the order of the Workers' Compensation Appeal Board docketed at A04–1903 is hereby AFFIRMED.

---

**3.** "The due process guarantee in the Pennsylvania Constitution emanates from Article I, Section 1," which provides in part:

All men are born equally free and independent, and have certain inherent and indefeasible rights, among which are those of enjoying and defending life and liberty, of acquiring, possessing and protecting property and reputation, and of pursuing their own happiness.

Pa Const. art. I, § 1. "The Pennsylvania Supreme Court has held that the same analysis governs the state and federal due process provision, since the requirements of the state constitutional guarantee are indistinguishable from those of the Fourteenth Amendment. *See Pennsylvania Game Commission v. Marich*, 542 Pa. 226, 229, 666 A.2d 253, 255 n. 6 (1995)."

*South Union Township v. Department of Environmental Protection*, 839 A.2d 1179, 1186 n. 9 (2003).