**Levi K. STOLTZFUS, Appellant**

v.

**The ZONING HEARING BOARD OF EDEN TOWNSHIP, LANCASTER COUNTY, Pennsylvania.**

Commonwealth Court of Pennsylvania.

Argued Sept. 6, 2007.

Decided Nov. 7, 2007.

William W. Campbell, Quarryville, for appellant.

John A. Kenneff, Millersville, for appellee.

BEFORE: COLINS, Judge, LEAVITT, Judge, McCLOSKEY, Senior Judge.

OPINION BY Senior Judge McCLOSKEY.

Levi K. Stoltzfus (Landowner) appeals from an order of the Court of Common Pleas of Lancaster County (trial court), affirming a decision of the Zoning Hearing Board of Eden Township (Board) which concluded that Landowner's log processing business did not constitute a forestry use. We affirm.

Landowner's property is located at 560 Furnace Road, Quarryville, Pennsylvania. It is located entirely within Eden Township's agricultural zone and includes a sixty acre farm, a home, several sheds and a barn.

The property contains a total of sixty-seven acres. In 1996, Landowner received a variance subject to certain conditions from the Board to operate a log processing business from a portion of the property. Landowner intends to sell 45.41 acres to his brother, with Landowner retaining 22.161 acres.[1] However, the log processing business is located on the tract of land that Landowner intends to convey to his brother.

In 2000, Landowner filed a request with the zoning officer of Eden Township (zoning officer) to move his log processing business from its present location on the property at Lot 4A, Block A, to another location on the property designated as Lot 4, Block A. Landowner requested that the log processing business be considered a permitted used in an agricultural zone, or in the alternative, that he receive a use variance. Both requests were denied by the zoning officer and on appeal to the Board. In 2004, Landowner requested a variance and a special exception to operate his log processing business. That request was also denied by the zoning officer and on appeal to the Board.

In 2006, Landowner filed a request for determination with the zoning officer, seeking a determination as to whether his log processing business constituted a forestry use. The zoning officer determined that the log processing business was not a forestry use. Landowner then appealed to the Board.

A hearing was held before the Board. Landowner testified as to the nature of his business. He explained that his employees met at his property and then traveled to various businesses throughout Pennsylvania to purchase trees. The employees then cut down the purchased trees, trimmed the branches and treetops, and transported the trees, i.e. logs, to Landowner's property. At Landowner's property, the logs were cut into various sizes and sold to sawmills.

Landowner testified that one piece of equipment was located on his property. This piece of equipment cut the logs and loaded the logs. Landowner explained that he and his brother were the only people that worked at the property cutting the trees into logs.

The Board determined that Landowner's log processing business did not constitute a forestry use. Landowner then appealed to the trial court. The trial court did not take additional evidence. After weighing the evidence presented before the Board, it affirmed the order of the Board.

1. The Board's opinion states that Landowner has conveyed the property to his brother, However, Landowner's brief states that the land is "to be transferred" to his brother. (Landowner's brief at 4).

Landowner now appeals to this Court.[2] He alleges that the trial court erred in concluding that his business did not constitute a forestry use.

Section 603(f) of the Municipalities Planning Code (MPC) provides:[3]

Zoning ordinances may not unreasonably restrict forestry activities. To encourage maintenance and management of forested or wooded open space and promote the conduct of forestry as a sound and economically viable use of forested land throughout this Commonwealth, forestry activities, including, but not limited to, timber harvesting, shall be a permitted use by right in all zoning districts in every municipality.

Pursuant to the MPC, "Forestry" is defined as, "the management of forests and timberlands when practiced in accordance with accepted silvicultural principles, through developing, cultivating, harvesting, transporting and selling trees for commercial purposes, which does not involve any land development." Section 107 of the MPC, 53 P.S. § 10107.

Landowner argues that as he cuts down and transports trees for commercial purposes, which does not involve land development, his operation meets the definition of forestry. He claims that "[f]orestry activities" are activities that are part of that which is "forestry." (Appellant's brief at 13).

Landowner's argument is meritless. Landowner ignores the stated purpose of Section 603(f) of the MPC. Its purpose is to encourage maintenance and management of forested space and promote the use of forested land. Yet, Landowner does not claim to have forested land; he admits he owns farm land. Also, "forestry" is defined as the management and maintenance of land that contains a forest. However, Landowner does not claim to own a forest and does not allege to maintain or manage a forest. Nor does he allege to practice accepted silvicultural principles on his land and/or claim to develop, cultivate, harvest, transport or sell trees from his land.

Furthermore, the rules of statutory construction do not allow for the interpretation of a statute or an ordinance which produces an absurd result. *In re Appeal of Thompson,* 896 A.2d 659, 669 (Pa. Cmwlth.2006), *petition for allowance of appeal denied,* 591 Pa. 669, 916 A.2d 636 (2007). Landowner's claim that the definition of forestry encompasses a business contained on land without trees, where trees are merely transported via trucks in order to be cut, is an absurdity.

Accordingly, the order of the trial court is affirmed.

### ORDER

AND NOW, this 7th day of November, 2007, the order of the Court of Common Pleas of Lancaster County is affirmed.

DISSENTING OPINION BY Judge LEAVITT.

Respectfully, I dissent. Landowner Levi K. Stoltzfus has been lawfully operat-

---

2. In a case such as this, where the trial court did not take any additional evidence, this Court's scope of review is limited to whether the Board committed as error of law or an abuse of discretion. *CACO Three, Inc., v. Supervisors of Huntington Township,* 845 A.2d 991 (Pa.Cmwlth.), *petition for allowance of appeal denied,* 580 Pa. 707, 860 A.2d 491 (2004). This Court's scope of review is plenary as to questions of law. *In re Realen Valley Forge Greenes Associates,* 576 Pa. 115, 838 A.2d 718 (2003).

3. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. § 10603(f).

ing a log processing business on his 67–acre farm for more than 10 years. He intends to convey approximately 46 acres to his brother and to retain the remaining 21 acres. This will require Stoltzfus to move his log processing business a short distance from one portion of the property to another. The majority has characterized as "meritless" and "an absurdity" Stoltzfus's argument that his log processing business is forestry activity exempt from zoning regulation. The majority finds that a "forestry activity" must take place in a forest, but this is not what the Pennsylvania Municipalities Planning Code [1] (MPC) states.

The MPC contains no such limitation on what constitutes a forestry activity. Specifically, Section 603(f) of the MPC provides that:

> Zoning ordinances may not unreasonably restrict forestry activities. To encourage maintenance and management of forested or wooded open space and promote the conduct of forestry as a sound and economically viable use of forested land throughout this Commonwealth, *forestry activities*, including, but not limited to, timber harvesting, *shall be a permitted use by right in all zoning districts in every municipality.*

53 P.S. § 10603(f) (emphasis added). The MPC defines "forestry" as follows:

> [T]he management of forests and timberlands when practiced in accordance with accepted silvicultural principles, through developing, cultivating, *harvesting, transporting* and *selling trees* for commercial purposes, which does not involve any land development.

Section 107 of the MPC, 53 P.S. § 10107 (emphasis added).

There is nothing in the law requiring that "forestry activities" must take place on forested land. However, the Eden Township Zoning Hearing Board, the trial court and the majority insert that requirement into the MPC. Further, because the words of the statute are clear, the majority has erred by resorting to the rules of statutory construction, which are intended to resolve ambiguities in legislation, not to avoid its plain meaning. *See Facchine v. Workers' Compensation Appeal Board (Pure Carbon Co. and PMA Group)*, 883 A.2d 720, 723 (Pa.Cmwlth.2005) (explaining that when the plain language of a statute is clear and free from ambiguity, the court may not disregard it under the pretext of pursuing the law's spirit). However, even if doubt existed as to whether the MPC allows forestry activities to be conducted outside of forested land, the law provides that the court should resolve any doubt in favor of the landowner and against any implied extension of restrictions. *Header v. Schuylkill County Zoning Hearing Board*, 841 A.2d 641, 645 (Pa.Cmwlth. 2004).[2]

Applying the relevant provisions of the MPC as written, Stoltzfus "harvests" trees from other locations, cuts them into logs

1. Act of July 31, 1968, P.L. 805, *as amended,* 53 P.S. §§ 10101–11202.

2. The majority posits, without explanation, that Stoltzfus's interpretation of the MPC will produce an absurd result. Presumably the majority found persuasive the Board's suggestion that, under Stoltzfus's interpretation, a landowner could process logs next to a playground, a school or in a residential neighborhood. Such concerns, if valid, call for a legislative solution in the form of an amendment to the MPC limiting forestry activities to forested land. The Board's argument also begs the question whether a landowner could process logs from a heavily wooded lot that happens to be located next to a playground, a school or a residential area. The Board also ignores the fact that any permitted use is still subject to other zoning restrictions such as minimum setback, impervious surface and drainage requirements.

on his property, "sells" them, and then "transports" them from his property to a saw mill for processing. His activities do not involve land development. Stoltzfus is engaged in "forestry activities" as that term is defined in Section 107 of the MPC, 53 P.S. § 10107. Accordingly, I would reverse the determination that Stoltzfus's log processing business does not qualify as a forestry use.