722 A.2d 1041

**Lorren R. GARDNER, Appellee,**

v.

**ERIE INSURANCE COMPANY, Appellant.**

Supreme Court of Pennsylvania.

Argued Sept. 14, 1998.

Decided Jan. 26, 1999.

James B. Courtney, Somerset, for Erie Ins. Co., appellant.

Vincent J. Barbera, Somerset, for L.R. Gardner, appellee.

Before FLAHERTY, C.J., and ZAPPALA, CAPPY, CASTILLE, NIGRO, NEWMAN and SAYLOR, JJ,

## OPINION

SAYLOR, Justice.

This appeal presents the issue of whether an employee's receipt of workers' compensation benefits relating to injuries sustained while driving a co-employee's automobile and arising out of wrongful third-party conduct bars him from recovering uninsured motorist benefits from the co-employee's insurance carrier. We hold that such recovery is not precluded.

On October 23, 1994, while driving an automobile owned by Steven J. Ward ("Ward"), Appellant Lorren Gardner ("Gardner") was injured in an accident with another driver who fled after impact. At the time of the accident, the same company employed both Gardner and Ward, and Gardner was acting within the scope of his employment. Gardner obtained workers' compensation benefits from his employer, as well as uninsured motorist benefits in the amount of $15,000 from his own insurer, Progressive Insurance. He then sought uninsured motorist benefits under Ward's insurance policy with Appellant Erie Insurance Company ("Erie").

Following Erie's denial of benefits, Gardner filed a complaint for declaratory judgment with the Court of Common Pleas of Somerset County, seeking a declaration that Erie was obligated to provide him with uninsured motorist benefits under Ward's insurance policy. After Erie filed an answer and the parties proceeded with discovery, Erie filed a motion for judgment on the pleadings. In the motion, Erie contended that Gardner's receipt of workers' compensation benefits precluded the subsequent receipt of uninsured motorist benefits under Ward's insurance policy.[1]

1. Erie also filed a motion seeking summary judgment as an alternative to the relief requested in its motion for judgment on the pleadings. According to the trial court, the motion for summary judgment reflected the disputed allegation that Ward had contacted Erie and removed the vehicle from coverage prior to the accident. Ward is alleged to have done so because Gardner was apparently undertaking to purchase the vehicle. The motion was not included in the reproduced record and is not at issue in this appeal.

On May 21, 1996, following oral argument, the trial court granted the motion for judgment on the pleadings. In its memorandum opinion, the trial court opened its substantive analysis with Section 205 of the Workers' Compensation Act (the "Act"),[2] entitled "Liability of Fellow Employee," which provides that:

[i]f disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong.

77 P.S. §72. In construing the breadth of this co-employee immunity provision, the trial court found this Court's decision in *Ducjai v. Dennis*, 540 Pa. 103, 656 A.2d 102 (1995), to be controlling. The trial court initially cited *Ducjai* for the decision's narrow holding that an on-the-job employee injured in an automobile accident may not recover, in addition to workers' compensation benefits from her employer, damages at common law from her co-employee. Acknowledging that the present case involves the attempt to obtain uninsured motorist benefits from a third-party insurer under the provisions of the Motor Vehicle Financial Responsibility Law (the "MVFRL"),[3] rather than an action in tort for recovery of damages from the co-employee, the trial court nevertheless found that this was a distinction without a difference. Thus, the trial court concluded that Gardner's receipt of benefits under the Act precluded recovery under Ward's insurance policy.

Of particular relevance to Erie's arguments in this appeal, the trial court also considered the effect of the Act of July 2, 1993, P.L. 190, No. 44 ("Act 44"), which, among other things,

2. Act of June 2, 1915, P.L. 736, §§101–1526 (codified as amended 77 P.S. §§1–2626).

3. Act of February 12, 1984, P.L. 26, No. 11 §3 (effective October 1, 1984)(current version at 75 Pa.C.S. §§1701–1799.1). The MVFRL requires that insurers offer optional uninsured and underinsured motorist coverages. 75 Pa.C.S. §1731. Prior to July 1, 1990, such coverage was mandatory. *See id.*, Historical and Statutory Notes.

repealed Sections 1735 and 1737 of the MVFRL. Section 1735 stated that uninsured and underinsured motorist coverage could not be made subject to an exclusion, or benefits made subject to reduction, because of workers' compensation benefits payable;[4] Section 1737 stated that nothing in the Act would prevent an employee from recovering uninsured or underinsured motorist benefits from his employer's motor vehicle insurance policy.[5] Viewing these provisions as the legislative source of authority for concurrent recovery of both workers' compensation and uninsured motorist benefits, the trial court concluded that their repeal evidenced a clear legislative purpose to preclude an employee in Gardner's situation from obtaining "a double recovery" of both forms of benefits.

On appeal to the Superior Court, the trial court's order was reversed. *See Gardner v. Erie Ins. Co.*, 456 Pa.Super. 563, 691 A.2d 459 (1997). The Superior Court reasoned that the plain language of Section 205 of the Act limited the reach of co-employee immunity to employment-related claims directed at a co-employee arising out of his negligence. Thus, the Superior Court concluded that the co-employee immunity provision created no bar to recovery of uninsured motorist benefits from a third-party insurer predicated upon the negligence of a third-party tortfeasor. The Superior Court also disagreed with the trial court's conclusion that the repeal of

4. Specifically, Section 1735 provided:
   The coverage required by this subchapter [uninsured and underinsured motorist coverage] shall not be made subject to an exclusion or reduction in amount because of any workers' compensation benefits payable as the result of the same injury.
   75 Pa.C.S. §1735 (repealed).

5. Section 1737 was worded as follows:
   Notwithstanding anything contained in the act of June 2, 1915 (P.L. 736, No. 338), known as The Pennsylvania Workmen's Compensation Act, no employee who is otherwise eligible shall be precluded from recovery of uninsured or underinsured motorist benefits from an employer's motor vehicle policy under this chapter or the act of August 14, 1963 (P.L. 909, No. 433), entitled "An act requiring, with limitations, that insurance policies insuring against loss, occurring in connection with motor vehicles provide protection against certain uninsured motorists [the Uninsured Motorist Act]."
   75 Pa.C.S. §1737 (repealed).

Sections 1735 and 1737 of the MVFRL evidenced a legislative intent to preclude actions such as Gardner's, declining to follow dictum to the contrary set forth in *Ducjai.* Rather, the Superior Court essentially adopted the view concerning the import of such changes that it had previously espoused in *William A. Warner Jr. v. Continental/CNA Ins. Cos.,* 455 Pa.Super. 295, 688 A.2d 177 (1996), *appeal denied,* 548 Pa. 660, 698 A.2d 68 (1997).

◼ In its appeal to this Court, Erie states the question presented as follows:

> After the [r]epeal of Sections 1735 and 1737 of the [MVFRL] in 1993, and in light of this Court's pronounce-ments in [*Ducjai* ], ... did the Superior Court err when it held that an employee, who sustained injuries in the scope of his employment, and received workers' compensation benefits, can, in addition, claim uninsured motorist benefits against his co-employee's policy of motor vehicle insurance?

Thus, the linchpins of Erie's arguments are *Ducjai* and the repeal of Sections 1735 and 1737—Erie contends that *Ducjai* essentially compels the view that such repeal evidences a clear legislative intent to make workers' compensation benefits the exclusive remedy available to an injured employee as against his employer, co-employees, and all of their insurers. Gardner counters that the dictum of *Ducjai* sweeps too far in that the legislative purpose underlying the repeal of Sections 1735 and 1737 of the MVFRL was not to preclude an employee's dual recovery of workers' compensation and uninsured motorist benefits. In this regard, Gardner refers this Court to *Warner* and *Travelers Indem. Co. of Illinois v. DiBartolo,* 131 F.3d 343 (3d Cir.1997).

The arguments thus framed, we begin our analysis with *Ducjai.* There, this Court was presented with a contention that, despite the plain language of Section 205, an employee receiving workers' compensation benefits could also recover damages in tort from a co-employee. In support of such argument, the appellant relied upon several decisions that had permitted the simultaneous receipt of workers' compensation

and uninsured motorist benefits under the then-effective version of the MVFRL. *See Ducjai,* 540 Pa. at 107, 656 A.2d at 104 (citing *Selected Risks, Ins. Co. v. Thompson,* 520 Pa. 130, 552 A.2d 1382 (1989); *Chatham v. Aetna Life & Cas. Co.,* 391 Pa.Super. 53, 570 A.2d 509 (1989)(permitting an injured employee to recover uninsured motorist benefits from an employer's insurer), *aff'd per curiam,* 529 Pa. 494, 605 A.2d 329 (1992); and *Ferry v. Liberty Mut. Ins. Co.,* 392 Pa.Super. 571, 573 A.2d 610 (1990)(same)).[6]

In addressing this argument, the Court first examined the law regarding co-employee liability before the passage of the MVFRL, focusing upon Section 205 of the Act, which "clearly provide[d] that a co-employee [was] immune from liability for his negligent act resulting in injury to his fellow employee." *Ducjai,* 540 Pa. at 108, 656 A.2d at 104 (quoting *Apple v. Reichert,* 443 Pa. 289, 292, 278 A.2d 482, 483 (1971)). After noting the absence of any "manifest intention" of the General Assembly that the MVFRL should prevail over this immunity provision, the Court examined the cases cited by the appellant for the proposition that dual recovery of workers' compensation and uninsured motorist benefits was permitted. The Court took a narrow view of the holding of the Supreme Court precedent cited (*Selected Risks* ) and questioned the correctness of the Superior Court cases (*Chatham* and *Ferry* ). *See Ducjai,* 540 Pa. at 112, 656 A.2d at 106.

Remaining on the collateral subject of uninsured motorist benefits, the Court stated that the holdings of *Chatham* and

6. Each of these cases involved an attempt by the employer or its insurer to assert the general exclusivity provision of Section 303(a) of the Act, 77 P.S. §481(a), as a bar to the recovery of uninsured motorist benefits. Section 303(a) provides as follows:

(a) The liability of an employer under this act shall be exclusive and in place of any and all other liability to such employes, his legal representative, husband or wife, parents, dependents, next of kin or anyone otherwise entitled to damages in any action at law or otherwise on account of any injury or death.

In addition to reflecting the unitary scheme of compensation under the Act, this provision contains an immunity component, affording an employer immunity from common law liabilities in a manner similar to the limited grant of immunity afforded to co-employees pursuant to Section 205.

*Ferry* created a narrow exception to the employer exclusivity provision.[7] The Court then indicated that such exception had been eliminated by the repeal of Sections 1735 and 1737 of the MVFRL in 1993. The Court interpreted the effect of those amendments as follows:

> [T]hese changes in the law were intended by the legislature to proclaim the supremacy of the [Act's] exclusivity provision and to reaffirm the principle that an employee may not seek double recovery for a work-related injury. The legislature has tried time and again to make it clear that worker[s'] compensation benefits are to be the exclusive remedy for employment-related injuries, save for those intentionally inflicted.

*Ducjai* 540 Pa. at 112–13, 656 A.2d at 106 (quoting *Ducjai v. Dennis,* 431 Pa.Super. 366, 379, 636 A.2d 1130, 1137 (1994)).

Based upon its analysis, the Court in *Ducjai* rejected the appellant's arguments and confirmed the long-standing principal that an employee could not recover damages in negligence from a co-employee for injuries for which he is receiving workers' compensation benefits. Because uninsured motorist benefits were not at issue in the case, however, the Court's discussion concerning their post-repeal unavailability was dictum.

Contrary to Erie's arguments, this dictum is of no relevance to the present case. With regard to the repeal of Section 1735, *Ducjai* itself recognized that the provision was not determinative of the availability or non-availability of a dual recovery of workers' compensation and uninsured motorist benefits:

> Section 1735's purpose is to limit insurance companies when they write insurance policies with respect to using workers' compensation benefits as a set-off, *not to determine whether*

7. To illustrate the narrowness of the exception, the Court noted that employees could not recover both types of benefits where the employer is self-insured. *See Ducjai,* 540 Pa. at 112, 656 A.2d at 106 (citing *Hackenberg v. Southeastern Pa. Transp. Auth.,* 526 Pa. 358, 370, 586 A.2d 879, 885 (1991)).

*an insured has any claim to workers' compensation bene-
fits and uninsured or underinsured motorist benefits.*

*Ducjai,* 540 Pa. at 112, 656 A.2d at 106 (quoting *Hackenberg,*
526 Pa. at 365 n. 8, 586 A.2d at 882 n. 8)(emphasis added). As
Section 1735 is not viewed as the source of the dual recovery,
its repeal cannot be seen as an evisceration. With regard to
the repeal of Section 1737, that provision plainly reflected only
the authorization of claims against an *employer's* motor vehi-
cle insurance policy—it did not authorize, address or otherwise
pertain to claims against a *co-employee's* insurer. Thus, the
repeal of that provision likewise cannot evidence an intent on
the part of the General Assembly to disallow claims against a
co-employee's insurer.

Moreover, in cases actually involving employer-purchased
insurance, several courts have recognized that the omnibus
changes effectuated through Act 44 not only provided for the
repeal of Sections 1735 and 1737, but also fundamentally
altered the legislative scheme for coordinating benefits avail-
able to an employee injured as a result of a vehicular accident.
This broader assessment recognizes that, prior to Act 44,
while recovery of uninsured motorist benefits from employer-
purchased plans was expressly sanctioned and insurers were
precluded from crafting policy exclusions or benefit reductions
based upon workers' compensation recovery, Section 1722 of
the MVFRL barred claimants in tort actions and uninsured
motorist proceedings from recovering expenses paid through
workers' compensation,[8] and, correspondingly, Section 1720 of
the MVFRL restrained a workers' compensation carrier's
right of subrogation.[9] Conversely, after the enactment of Act

---

**8.** Section 1722 stated, in pertinent part, that:

In any action for damages against a tortfeasor, or in any uninsured or
underinsured motorist proceeding, arising out of the maintenance or
use of a motor vehicle, a person who is eligible to receive benefits
under the coverages set forth in this subchapter, or workers' compen-
sation . . . shall be precluded from recovering the amount of benefits
paid or payable under this subchapter, or workers' compensation. . . .
75 Pa.C.S. §1722 (repealed in part by Act 44).

**9.** Section 1720 stated, in pertinent part, that "[i]n actions arising out of
the maintenance or use of a motor vehicle, there shall be no right of

44, Section 1722 does not require a reduction of a claimant's recovery in tort and uninsured motorist proceedings by the amount of workers' compensation benefits received, and Section 1720 no longer impedes the rights of subrogation on the part of workers' compensation carriers.[10] Viewed in this context, the repeal of Sections 1735 and 1737 may be seen as an integrated aspect of these comprehensive changes, rather than as reflective of a specific legislative intent to preclude the dual recovery of workers' compensation and uninsured motorist benefits.

Both the Superior Court in *Warner* and the Third Circuit in *DiBartolo* took this view of the amendments occasioned by Act 44. *See Warner*, 455 Pa.Super. at 295, 688 A.2d at 177; *DiBartolo*, 131 F.3d at 348. As summarized by the *DiBartolo* court:

> we note with approval that the *Warner* court considered the larger context surrounding the repeal of Sections 1735 and 1737. In particular, the Superior Court saw the repeal of Section 1735 as directly related to the contemporaneous repeal of Section 1720. Thus, the Superior Court understood the legislature to have been exchanging one comprehensive system for another. In the previous arrangement, a workers' compensation carrier had no right to subrogate against an employee's claim and the employee could not recover from the uninsured motorist carrier any amounts payable under workers' compensation. In the new arrangement, the employee's recovery from the uninsured motorist carrier is not to be reduced by the amount of any workers' compensation benefits payable, but the workers' compensa-

subrogation or reimbursement from a claimant's tort recovery with respect to workers' compensation benefits,...." 75 Pa.C.S. §1720 (repealed in part by Act 44).

**10.** The changes to Sections 1720 and 1722 were effectuated merely by eliminating the references to workers' compensation. It is important to note that the rights and restrictions under the MVFRL may be subject to exception based upon particular facts. *See, e.g., Standish v. American Manufacturers Mutual Ins. Co.*, 698 A.2d 599, 601 (Pa.Super.1997)(holding that subrogation was not permitted against the proceeds from the recovery of uninsured motorist benefits from the claimant's own insurer).

tion carrier is given the right of subrogation for any benefits paid to the employee under workers' compensation.

According to the *Warner* court, the repeal of Sections 1735 and 1720 effected a single plan. Under the post-repeal law, the injured employee is permitted to recover both workers' compensation and uninsured motorist benefits, including a possible recovery from each of these two sources for the same injury. The collection by the employee of the uninsured motorist benefits, however, merely creates a fund against which the workers' compensation carrier can exert a subrogation lien for amounts it paid the employee for the already-recompensed injury. Understood in this broader context, the repeal of Section 1735 – like the repeal of Section 1737 – did not affect the ability of employees to recover both workers' compensation and uninsured motorist benefits. Indeed, the repeal of Section 1735 permitted the injured employee to recover more from these sources, although the workers' compensation carrier may ultimately be the beneficiary – by the use of its subrogation lien – of any double recovery.

*DiBartolo,* 131 F.3d at 348–49 (citations and footnote omitted). Having found it clear that the ability of employees to obtain dual recovery of workers' compensation and uninsured motorist benefits was judicially recognized and independent of Sections 1735 and 1737, the *DiBartolo* court considered the repeal of those sections as irrelevant to the determination of whether the General Assembly intended to preclude a double recovery by an injured employee. *DiBartolo,* 131 F.3d at 349–50.

Although not controlling, we find this reasoning persuasive insofar as it concerns the limited implications of the repeal of Sections 1735 and 1737. We agree that, since Sections 1735 and 1737 did not create an exception to the exclusivity and immunity provisions of Sections 303(a) and 205 of the Act, their repeal cannot be construed as evidencing an intent on the part of the General Assembly to eliminate the exception and require that such exclusivity or immunity should now always apply to preclude the receipt of uninsured motorist benefits. To the extent that the dictum in *Ducjai* suggests to

the contrary, we take this opportunity to disavow it. *See generally Mallios v. Pennsylvania State Police, Bureau of Liquor Enforcement*, 534 Pa. 616, 621, 633 A.2d 1163, 1166 (1993) (the Court is not bound by statements made in dicta).

■ Erie's primary argument thus disposed, it nevertheless remains to examine the co-employee immunity provision to determine whether Gardner's receipt of uninsured motorist benefits from Ward's insurer is precluded by the express terms of the Act. As previously noted, Section 205 provides that a co-employee shall not be liable to anyone at common law or otherwise on account of an injury covered by the Act, unless caused by intentional conduct. *See* 77 P.S. §72. The plain language of Section 205 is directed to providing relief from liability to the co-employee.[11] We must determine, then, whether a claim for uninsured motorist benefits under a co-employee's insurance policy arising from third-party conduct implicates the liability of the co-employee for purposes of Section 205.

The requirement for the provision of optional uninsured motorist coverage is contained in Section 1731 of the MVFRL, which explains that such coverage is available for persons who are "legally entitled to recover" for injuries arising out of the maintenance or use of a motor vehicle. 75 Pa.C.S. §1731(a), (b). Indeed, consistent with the standard form for such insurance, *see* 31 Pa.Code §63.2, Exhibit C, the operative terms of Ward's policy with Erie incorporate this "legally entitled to recover" concept in favor of an injured occupant. Thus, recovery derives from the contractual commitment of the insurer to provide coverage for injury resulting from the fault of the uninsured motorist, and benefits may be payable to the injured occupant by virtue of his status as a third-party beneficiary. *See generally Johnson v. Pennsylvania Nat'l*

11. For example, this Court has previously stated that the coverage of the co-employee immunity provision subsumes claims arising out of the negligent conduct of the co-employee. *See Apple v. Reichert*, 443 Pa. 289, 292, 278 A.2d 482, 483 (1971) (stating that "[t]he language of [Section 205], as we read it, clearly provides that a co-employee is immune from liability for his negligent act resulting in injury to his fellow employee").

*Ins. Cos.*, 527 Pa. 504, 507–08, 594 A.2d 296, 298 (1991). Such contractual recovery, where premised upon wrongful third-party conduct, is not against the co-employee, nor does it proceed on the basis of any actual or potential legal liability on the part of the co-employee.[12] Therefore, the co-employee immunity of Section 205, by its terms, is not implicated.[13]

Our conclusion in this regard is consistent with the principle that the Act is to be liberally construed in the injured employee's favor and in furtherance of its humanitarian purpose. *See generally Sporio v. Workmen's Compensation Appeal Bd. (Songer Constr. Co.)*, 553 Pa. 44, 49–50, 717 A.2d 525, 528 (1998); *Harper & Collins v. Workmen's Compensation Appeal Bd. (Brown)*, 543 Pa. 484, 490, 672 A.2d 1319, 1321 (1996). Moreover, as previously noted, over the past two decades, the General Assembly has crafted several different systems balancing various rights and restrictions relating to statutory compensation, tort recovery, insurance benefits and subrogation under the Act and the MVFRL. Nowhere in these efforts, however, has the legislature expressed a clear intent to *per se* preclude recovery of uninsured motorist benefits under the automobile insurance policy of a co-employee. In

12. The question whether the recovery of underinsured motorist benefits should be permitted where the claim arises out of the negligence of the co-employee is not presently before us. We note, however, that many jurisdictions have found that the tort immunity of a co-employee means that the injured employee is not "legally entitled to recover" from the co-employee and therefore, as a contractual matter, may not recover pursuant to an underinsured motorist benefits policy. *See generally* Annotation, "Automobile Uninsured Motorist Coverage: 'Legally Entitled to Recover' Clause as Barring Claim Compensable Under Workers' Compensation Statute," 82 A.L.R.4th 1096, §5 (1996). *But see Barfield v. Barfield*, 742 P.2d 1107, 1112 (Okla.1987)(concluding that it would be manifestly unjust to permit an insurer to avoid contractual and statutorily defined duties by asserting third-party tort immunity as a defense to payment of uninsured motorist benefits).

13. Because Gardner's claim against Erie arises out of Erie's contractual responsibility to provide uninsured motorist benefits, the Superior Court classified this case as one involving a claim against a third-party tortfeasor that would be permitted under Section 303(b) of the Act, 77 P.S. §481(b). Section 303(b), however, only expressly governs actions against third parties for their conduct that causes injury or death; therefore, it is not, on its terms, controlling.

the absence of such a specific directive, we decline to expand the natural reach of the co-employee immunity provision.[14]

In summary, we hold that an employee receiving worker's compensation benefits for injuries sustained in an automobile accident involving a co-employee's vehicle and arising out of wrongful third-party conduct is not precluded by Section 205 of the Act from seeking uninsured motorist benefits from the co-employee's insurance carrier.

The order of the Superior Court is affirmed.

**14.** Erie also argues that the award of uninsured motorist benefits would adversely affect a co-employee in the form of higher insurance premiums. As a general proposition, this is speculative and unsupported by any record evidence. As a specific proposition, it is legally incorrect: an insurer may not increase motorist premiums under an insurance contract solely because a claim for uninsured or underinsured benefits has been made unless it is determined that the insured was at fault in contributing to the accident. 75 Pa.C.S. §1793(a)(1).