Love v. Nationwide Mutual Insurance Co.

C.P. of Cambria County, no. 1998-2308.

*Blair V. Pawlowski,* for plaintiffs.
*Dennis J. Stofko,* for defendant.

SWOPE, *J.,* February 3, 1999—This matter is before the court on the defendant, Nationwide Mutual Insurance Company's, preliminary objections. A hearing was held on December 18, 1998 at which time arguments of counsel were heard. On November 2, 1998, plaintiffs filed a complaint pursuant to the Declaratory Judgments Act. The defendant filed preliminary objections to the complaint on November 16, 1998 in the nature of a demurrer, motion for a more specffic pleading and failure to join an indispensable party.

The motor vehicle accident from which this case arose occurred on April 8, 1997. On that date, the plaintiff, Leonard Love, was a passenger in a motor vehicle owned by the Department of General Services of the Commonwealth of Pennsylvania and operated by a co-employee, Ronald Wills. Due to the negligence of the vehicle operator, Ronald Wills, an accident occurred and the plaintiff suffered serious personal injuries. At the time of the accident, both occupants of the vehicle were employees of the Commonwealth of Pennsylvania and the accident occurred within the scope of their employment. Accordingly, the plaintiff receives workers' compensation benefits.

The issue in this case is whether the plaintiff can recover uninsured motorist benefits under the insurance policy of his co-employee, when the plaintiff, Leonard Love, was injured in a motor vehicle accident which

occurred in the scope of his employment and due to the negligence of the co-employee who was operating the vehicle. As will be explained, this court finds that the plaintiff may not recover uninsured motorist benefits from the co-employee in this situation, and therefore the demurrer will be sustained.

The Pennsylvania Supreme Court recently addressed the issue of whether an employee's receipt of workers' compensation benefits relating to injuries sustained while driving a co-employee's vehicle and arising out of wrongful third-party conduct barred him from recovering uninsured motorist benefits from the co-employee's insurance carrier. *Gardner v. Erie Insurance Co.,* 554 Pa. 59, 722 A.2d 1041 (1999). In a unanimous opinion, the court held that such an employee was not precluded by section 205 of the Workers' Compensation Act[1] from seeking uninsured motorist benefits. *Id.* at 69, 722 A.2d at 1046. This case is distinguishable from the instant case, however, in two important aspects.

First, in the case at bar, the vehicle was owned by the employer, the Commonwealth of Pennsylvania, whereas in *Gardner,* the vehicle occupied by the injured co-employee was owned by the other co-employee. More significant by far is the fact that, in the present case, the accident was caused by the co-employee's negligence, and in *Gardner,* the accident was caused by the wrongful conduct of a third party. The court in *Gardner* noted that they were not faced with the question of whether recovery of underinsured motorist benefits should be permitted where the claim arises out of the negligence of the co-employee. *Gardner v. Erie Insurance Co.,* 554

---

1. Act of June 2, 1915, P.L. 736, §§101-1526 (codified as amended 77 P.S. §§1-2626).

Pa. at 69-70 n.12, 722 A.2d at 1046-47 n.12. The court further noted, albeit in dicta, "that many jurisdictions have found that the tort immunity of a co-employee means that the injured employee is not 'legally entitled to recover' from the co-employee and therefore, as a contractual matter, may not recover pursuant to an underinsured motorist benefits policy." *Id.*, citing Annotation, "Automobile Uninsured Motorist Coverage: 'Legally Entitled to Recover' Clause as Barring Claim Compensable Under Workers' Compensation Statute," 82 A.L.R.4th 1096, §5 (1996).

Having found no Pennsylvania case directly on point, we have looked to the decisions of other states on this issue. In *Cormier v. National Farmers Union Property & Casualty Co.,* 445 NW2d 644 (ND 1989), the court held that a passenger injured when a car driven by her co-employee collided with a pickup truck was not entitled to uninsured motorist benefits under the driver's insurance policy. The court stated that "legally entitled to recover" imports a condition precedent to the uninsured motorist insurer's obligation that the insured have a legally enforceable right to recover damages from the owner or operator of the uninsured motor vehicle, and that because workers' compensation is the exclusive remedy for an injured employee against a co-employee, the injured employee did not have a legally enforceable right to recover damages from the driver, and therefore was not legally entitled to recover. *Cormier v. National Farmers Union Property & Casualty Co.,* 445 NW2d 644 (ND 1989). The same view was adopted by the court in *Cope v. West American Insurance Co.,* 309 Or. 232, 785 P.2d 1050 (1990), an Oregon case in which an employee was struck by a co-employee's car while walking in a parking lot leased by her employer and made available to

employees, free of charge. In *Cope,* the court held that if the injured employee was deemed entitled to workers' compensation benefits, then she would not be "legally entitled to recover" from her co-worker within the meaning of her own policy, and therefore would not be entitled to underinsured motorist benefits.

Applying the reasoning of the above cases to the case at bar, we must conclude that the facts of this case are such that a recovery of uninsured motorist benefits is precluded. Recovery is precluded because the facts indicate that the accident was caused by the co-employee operator's negligence. Therefore, section 205 of the Workers' Compensation Act prevents the plaintiff from recovering uninsured motorist benefits under the at fault co-employee's insurance policy.

Accordingly, the following order is entered:

## ORDER

And now, February 3, 1999, it is hereby ordered and decreed that the defendant's preliminary objection in the nature of a demurrer is sustained and the plaintiffs' complaint will be dismissed unless the complaint is amended within 20 days to allege that the accident was caused by the negligence of a third party.