

Villanova University School of Law Digital Repository

2006 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-29-2006

# Nationwide Ins Co v. Chiao

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-3488

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Nationwide Ins Co v. Chiao" (2006). *2006 Decisions.* Paper 815.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/815

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-3488
_____

NATIONWIDE MUTUAL INSURANCE COMPANY,
Appellant,

vs.

SHARON CHIAO AND CHARLES P. CHIAO,
Appellees.
_____

On Appeal from the United States District Court
For the Middle District of Pennsylvania
(No. 04-cv-2154)
District Judge: Honorable John E. Jones III
_____

Submitted Under Third Circuit L.A.R. 34.1(a)
May 16, 2006
_____

Before: MCKEE and GARTH, Circuit Judges, and LIFLAND, District Judge[*]

(Opinion Filed: June 29, 2006)

_____

OPINION
_____

James C. Haggerty (Argued)

_____

[*] The Honorable John C. Lifland, Senior District Judge for the District of New Jersey, sitting by designation.

Swartz Campbell LLC
1601 Market Street, 34th Floor
Philadelphia, PA 19103

Counsel for Appellant

Frank L. Tamulonis (Argued)
Zimmerman, Lieberman, & Tamulonis
P.O. Box 238
Pottsville, PA 17901

Counsel for Appellee.


LIFLAND, District Judge:

Nationwide Mutual Insurance Company ("Nationwide") filed this declaratory judgment suit in the United States District Court for the Middle District of Pennsylvania, seeking to determine its obligation, if any, to pay underinsured motorist benefits to Sharon Chiao ("Chiao") under her automobile policy, where Chiao was injured solely by the negligence of a co-employee. The District Court entered summary judgment in favor of Chiao, holding that Nationwide had improperly refused to provide coverage, despite the policy's limitation of compensatory damages to those that are "due by law." We will reverse.

I.

Because we write only for the benefit of the parties, we will only briefly recount the relevant facts herein. On December 8, 1998, Chiao and her co-worker, Janet K. Wilkinson ("Wilkinson"), were driving home from a meeting sponsored by their

employer, Pennsylvania State University. Wilkinson was the owner and operator of the vehicle, and Chiao was a passenger. Wilkinson momentarily stopped paying attention to the road as she put out a cigarette. When she refocused, Wilkinson swerved to avoid a car in front of her and hit the embankment. The car flipped over and Chiao sustained injuries. There is no dispute that Wilkinson and Chiao were in the course and scope of their employment at the time of the accident.

After the accident, Chiao's employer paid her worker's compensation benefits under the Pennsylvania Worker's Compensation Act, 77 Pa. Cons. Stat. § 1 et seq. (the "WCA"). Chiao also asserted a claim against Wilkinson, who was insured by the Progressive Insurance Company ("Progressive"). Progressive paid Chiao the entire $15,000.00 face amount of Wilkinson's policy.[1] Chiao also presented a claim for underinsured motorist benefits to Nationwide, pursuant to her personal auto policy which was in full force and effect as of the date of the accident.

Nationwide denied the claim for benefits, based on the policy's limitation of compensatory damages to those that are "due by law." The pertinent language reads:

COVERAGE AGREEMENT

---

[1] For reasons not apparent on this record, Progressive paid Chiao $15,000.00. In light of the immunities in Pennsylvania's Worker's Compensation Act, as will be discussed, Progressive was not required to pay Chiao anything under her co-worker Wilkinson's automobile insurance policy.

3

We will pay compensatory damages, including derivative claims, which are due by law to you or a relative from the owner or driver of an underinsured motorist vehicle because of bodily injury suffered by you or a relative. Damages must result from an accident arising out of the:

(1)     ownership;
(2)     maintenance;
(3)     use;

of the underinsured motorist vehicle.

Nationwide reasoned that no damages were "due by law" to Chiao because she was injured by a co-employee against whom she would have no claim in tort by virtue of the immunity provisions of the Worker's Compensation Act.

Nationwide instituted the present action for declaratory relief, seeking judgment that there was no coverage under its policy. Chiao cross-moved for summary judgment. The District Court entered judgment in favor of Chiao, finding that the term "due by law" was "boilerplate" language with no legally cognizable meaning, and that the policies behind Pennsylvania's Motor Vehicle Financial Responsibility Law and Worker's Compensation Act favored coverage. This timely appeal followed.

II.

The District Court had subject matter jurisdiction over this diversity action pursuant to 28 U.S.C. § 1332(a)(1), and we have jurisdiction pursuant to 28 U.S.C. § 1291. We exercise plenary review over the grant of a motion for summary judgment. Nationwide Mut. Ins. Co. v. Riley, 352 F.3d 804, 806 n.3 (3d Cir. 2003) (citing Omnipotent Communications Enters, L.P. v. Newton Township, 219 F.3d 240, 242 (3d

4

Cir. 2000)). Summary judgment is appropriate where "there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." <u>Fed. R. Civ. P.</u> 56(c). "We review the facts in a light most favorable to the party against whom summary judgment was entered." <u>Coolspring v. Stone Supply, Inc. v. American States Life Ins. Co.</u>, 10 F.3d 144, 146 (3d Cir. 1993).

### III.

Pennsylvania's Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa. Cons. Stat. § 1731(a), requires that Pennsylvania insurers offer uninsured and underinsured motorist coverage to their policy holders. Section 1731(c) provides:

> **Underinsured motorist coverage** - underinsured motorist coverage shall provide protection for persons who suffer injury arising out of the maintenance or use of a motor vehicle and are legally entitled to recover damages therefor from owners or operators of underinsured motor vehicles.[2]

In accordance with the MVFRL, Nationwide offered Chiao uninsured and underinsured motorist benefits which she elected and for which she paid a premium. The Agreement, recited <u>supra</u>, does not define the term "due by law" and contains eight

---

[2] The section then provides that an insured may opt out of receiving underinsured motorist coverage: "The named insured shall be informed that he may reject underinsured motorist coverage by signing the following written rejection form:

REJECTION OF UNDERINSURED MOTORIST PROTECTION

By signing this waiver, I am rejecting underinsured motorist coverage under this policy, for myself and all relatives residing in my household. Underinsured coverage protects me and relatives living in my household for losses and damages suffered if injury is caused by the negligence of a driver who does not have enough insurance to pay for all losses and damages. I knowingly and voluntarily reject this coverage."

enumerated exceptions to coverage,[3] but does not include an exception relevant here.

The parties disagree over how this Court should interpret the words "legally entitled to recover" in the MVFRL and "due by law" in the Coverage Agreement, in light of the exclusivity provisions set forth in the WCA. The WCA regulates the rights of employees to recover compensation for injuries sustained during the course and scope of employment. The Act includes an exclusivity provision for employers:

> The liability of an employer under this Act shall be exclusive and in place of any and all liability to such employee, his representative, husband or wife, parents, dependents, next of kin or anyone else otherwise entitled to damages in any action at law or otherwise on account of an injury or death....77 Pa. Cons. Stat. § 481(a).

The WCA extends this exclusivity to co-employees:

> If disability or death is compensable under this act, a person shall not be liable to anyone at common law or otherwise on account of such disability or death for any act or omission occurring while such person was in the same employ as the person disabled or killed, except for intentional wrong. 77 Pa. Cons. Stat. § 72.

---

[3] The policy states: "This coverage does not apply to: 1. Use of any motor vehicle by an insured to carry persons or property for a fee. Motor vehicles used in shared-expense car pools are not considered as carrying persons for a fee. 2. Use of any motor vehicle by an insured without the owner's permission 3. Punitive or exemplary damages. 4. Directly or indirectly benefit any worker's compensation or disability benefits carrier, or any person or organization qualifying a "self-insurer" under worker's compensation, disability benefits, or similar law. 5. Bodily injury suffered while occupying or struck by a motor vehicle owned by your or a relative, but not insured for auto liability coverage under this policy. 6. Bodily injury suffered while occupying a motor vehicle owned by you or a relative but not insured for Underinsured Motorist coverage under this policy; nor to bodily injury from being hit by any such motor vehicle. 7. Noneconomic loss of any insured who has elected "Limited Tort" in accordance with the Pennsylvania Motor Vehicle Financial Responsibility Law. 8. Bodily injury of any insured if the insured settles, without our written consent, with a liable party.

Thus, the job of the Court is to harmonize the WCA, under which Wilkinson would be immune from suit by Chiao, with the provisions of Chiao's first-person insurance against the consequences of the negligence of underinsured drivers like Wilkinson.

The District Court found that the Coverage Agreement's term "due by law" was vague and mere "boilerplate" without any cognizable meaning, as distinguished from the MVFRL's term "legally entitled to recover" which has developed a "specific meaning." Given this ambiguity, the District Court went beyond the language of the agreement to consider the public policies behind the MVFRL and WCA, and ultimately determined that Chiao could recover underinsured motorist benefits from Nationwide.[4] Because we find that the term "due by law" is not ambiguous, we will reverse.

Under Pennsylvania law, a court's primary consideration in interpreting an insurance contract is to "ascertain the intent of the parties as manifested by the language of the written instrument." Standard Venetian Blind Co. v. American Empire Insurance

---

[4] The District Court also found relevant that the policy's list of exclusions did not include the circumstance where the underinsured motorist is the insured's co-worker. We disagree with the District Court that this absence of an exclusion is significant. As Nationwide points out, the policy provides coverage in accordance with Pennsylvania law, such that many circumstances not listed in the exclusions will not be covered. For example, an insured seeking compensatory damages for emotional distress inflicted by an underinsured motorist could not recover under Pennsylvania law unless the insured also suffered physical harm. See Swisher v. Pitz, 868 A.2d 1228, 1230 (Pa. Super. 2005) ("[O]ur Supreme Court has indicated that in order for a plaintiff to prevail on [an emotional distress claim]....a plaintiff must suffer some type of resulting physical harm..."). This limitation does not appear in the policy's exclusions.

Co., 503 Pa. 300, 305, 469 A.2d 563, 566 (1983) (citing Mohn v. American Casualty Co. of Reading, 458 Pa. 576, 326 A.2d 346 (1974)). If the language of the contract is clear and unambiguous, a court must give effect to the plain language of the agreement. Id. (citing Pennsylvania Manufacturer's Ass'n Insurance Co v. Aetna Casualty & Surety Insurance Co., 426 Pa. 453, 233 A.2d 548 (1967)). If, however, the contractual language is ambiguous, the provision should be construed in favor of the insured and against the insurer. Reliance Insurance Company v. Moessner, 121 F.3d 895, 901 (3d Cir. 1997).

"Contractual language is ambiguous 'if it is reasonably susceptible of different constructions and capable of being understood in more than one sense.'" Madison Const. Co. v. Harlesyville Mut. Ins. Co., 597 Pa. 595, 605, 735 A.2d 100, 106 (1999) (citing Hutchinson v. Sunbeam Coal Co., 513 Pa. 192, 519 A.2d 385 (1986)). In determining questions of ambiguity, the court must examine the "questionable term or language in the context of the entire policy." Moessner, 121 F.3d at 900. "[A] contract is not rendered ambiguous by the mere fact that the parties do not agree on the proper construction." Donnegal Mutual Ins. Co v. Raymond, ___A.2d___, 2006 WL 1215779 at *4 (Pa. Super. 2006). In interpreting the language of the contract, a "court should read policy provisions to avoid ambiguities if possible, and not torture the language to create them." St. Paul Fire & Marine Ins. Co. v. United States Fire Insurance Co., 655 F.2d 521, 525 (3d Cir. 1981).

Nationwide contends that the District Court erroneously found ambiguity in the

term "due by law."  We agree.   Chiao argues that "because the language of the policy does not define the term 'due by law,' she could not be expected to understand that phrase to limit [underinsured motorist benefits] in the event that the negligent driver is immune under the WCA."   (Appellees' Brief at 10 )  Although Chiao is correct that her "reasonable expectations" figure into an analysis of the coverage question, she cannot rely on her own lack of understanding of the term "due by law" to circumvent the basic principle that clear and unambiguous language must be given its effect.   See St. Paul Mercury Ins. Co. v. Corbett, 428 Pa. Super 54, 59, 630 A.2d 28, 29 (Pa. Super. 1993) ("However, while reasonable expectations of the insured are the focal points in interpreting the contract language of insurance policies, an insured may not complain that his or her reasonable expectations were frustrated by policy limitations which are clear and unambiguous.") (citations omitted).  Indeed, if this Court were to equate a party's lack of understanding of a legal term with that term's being  "ambiguous," many provisions of all insurance contracts and indeed many state and federal statutes would also be ambiguous.

Applying the definition set forth by the Pennsylvania court, the term "due by law" is only ambiguous if it is reasonably susceptible to more than one meaning.    Neither Chiao nor the District Court offered any definition of "due by law," much less more than one reasonable meaning to which it would be reasonably susceptible.  We equate the policy's term "due by law" to the MVFRL's term "legally entitled to recover," to which it bears a close semantic relationship.   Because it is unambiguous under the WCA that an

9

injured employee is not "legally entitled to recover" any damages from a negligent co-employee, compensatory damages for injuries sustained because of the negligence of a co-employee are not "due by law," and therefore are not within the terms of the Coverage Agreement.

Because we find that the language of the policy is unambiguous and because we do not find any issues of public policy implicated by our reading of the Coverage Agreement, the WCA, and the MVFRL, we do not reach the broad issues of public policy addressed by the District Court. See Eichelman v. Nationwide Ins. Co., 551 Pa. 558, 563, 711 A.2d 1006, 1008 (1998) ("Generally a clear and unambiguous contract provision must be given its plain meaning unless to do so would be contrary to a clearly expressed public policy.") (citation omitted).

## IV.

For the foregoing reasons, we will reverse the order of the District Court granting Appellees' motion for summary judgment, and remand to the District Court for further proceedings.

Nationwide Mutual Ins. Co. v. Sharon Chiao, et al.

No. 05-3488

Garth, J., dissenting

-10-

I cannot accept the result of the majority opinion, which, in my view, offends common sense and places an intolerable and unreasonable burden upon automobile policy holders to research and investigate the intricacies of state statutory law in order to understand the policy provisions that they contracted and paid premiums for. I therefore respectfully dissent.

## I.

The majority opinion focuses only upon the interpretation of the contractual term "due by law," holding that the term is unambiguous. It therefore precludes Chiao's claim for benefits on that basis alone. Implicit in the majority's holding is the belief that the tort immunity of a co-employee – who has not been sued by Chiao and against whom Chiao has made no claim – defeats Chiao's claim *against her own insurer* for benefits. If, however, the co-employee immunity provision does not reach the situation where an injured employee sues her own insurer, and I conclude that it does not, then the term "due by law" in the policy is not preclusive of Chiao's claim for benefits. In my view, the first misstep of the majority opinion is that it does not take sufficient notice of the ambiguous legal landscape against which we must read the term "due by law."

Contrary to the majority opinion, it is by no means clear that Chiao received all the benefits which she was "legally entitled to recover" or "due by law." The Pennsylvania courts permit an insured to recover *both* uninsured or underinsured motorist benefits and Workers' Compensation benefits, notwithstanding the exclusive remedy of the Workers' Compensation Act and its co-employee immunity provision. In *Gardner v. Erie Ins. Co.*,

722 A.2d 1041 (1999), the Pennsylvania Supreme Court held that an employee's receipt of Workers' Compensation benefits *did not* preclude receipt of uninsured motorist benefits for injuries sustained in a work-related accident caused by a third-party's negligence. *Id.* at 1047. The court explained:

> Such contractual recovery, where premised upon wrongful third-party conduct, is not against the co-employee, nor does it proceed on the basis of any actual or potential legal liability on the part of the co-employee. Therefore, the co-employee immunity of Section 205, by its terms, is not implicated.

*Id.* at 1046-47. *Gardner*, however, left unanswered the question we must decide in Chiao's appeal: whether the co-employee immunity provision prevents Chiao's recovery of underinsured motorist benefits from her own insurance company where her claim arises out of the negligence of a co-employee. *See id.* at 1046 n.12.

The majority opinion does not explicitly address this question of statutory construction, although it infers that the co-employee immunity provision is implicated in this case. Chiao, however, is not suing her co-employee, nor is she suing her co-employee's insurance company. Rather, she is suing *her own insurance company* to recover benefits for which she has paid the premiums. While Chiao may not be legally entitled to recover damages from her co-employee, it by no means follows that she is not entitled to recover benefits from her own insurance company. Inasmuch as this is a contract action between the insured and her insurer, I would hold that the co-employee immunity provision does not prevent Chiao's recovery of benefits from her own insurer. *See Barfield v. Barfield*, 742 P.2d 1107, 1111 (Okla.1987) ("Employer-Employee tort

-12-

immunity under the Workers' Compensation Act does not preclude recovery under one's own contract of insurance with an insurance carrier unrelated to the employer-employee relationship."). Such a holding would comport with the public policies underlying the WCA, which is "to be liberally construed in the injured employee's favor and in furtherance of its humanitarian purpose." *Gardner*, 722 A.2d at 1047.

II.

Moreover, even putting aside this question concerning the reach of the co-employee immunity provision, I have an even more serious problem with the majority opinion: its interpretation of "due by law" requires far too much from insureds.

Chiao's policy contains eight specific exclusions, not one of which mentions the negligence of a co-employee. If Nationwide had seen fit to specify an exclusion in its policy stating that Chiao would not recover by driving with a co-employee, I would be more inclined – albeit grudgingly – to accept the majority's decision. At least then Chiao's policy would have contained an explicit exclusionary provision, which would have informed Chiao that she need not engage in the almost impossible task of discerning the meaning of the term "due by law" as used in her policy. In the absence of such an exclusion, Chiao was required to embark on a wholesale review of Pennsylvania motor vehicle law and Workers' Compensation law in order to understand what her policy covered her for and what it did not cover – to say nothing of the confusing interplay between the two statutory schemes. This simply is too much to ask of insureds: it should not require an analysis of state statutory law in order to understand an insurance policy.

Chiao paid premiums for underinsured motorist benefits to cover precisely the circumstance which arose here – to protect herself when the liability coverage of another motorist provided insufficient coverage. That the underinsured driver happened to be a co-employee is an entirely fortuitous circumstance having no real legal significance, at least in the absence of an express policy exclusion. I can imagine a common situation where a friend of Chiao's or even an acquaintance offers to drive her home from work on a day that Chiao does not have her own vehicle. At some point during the day, however, her secretary or any other employee of her company comes by her desk and says, "I'll be going your way, I'll drop you off myself." Had she accepted the ride from her co-employee and was then injured, under the majority opinion she would forego any recovery for underinsured motorist benefits. But had she accepted the ride home with even a complete stranger, she would be entitled to recover the same benefits in the event of an accident. This situation offends common sense.

In light of the foregoing considerations, I cannot agree with the majority that the term "due by law" is unambiguous. And "[i]n close or doubtful cases, we must interpret . . . the language of the insurance policy to favor coverage for the insured." *Kmonk-Sullivan v. State Farm Mut. Auto. Ins. Co.*, 746 A.2d 1118, 1123 (Pa. Super. Ct. 1999). Doing so here, I respectfully dissent.