GARTH, J., dissenting.
I cannot accept the result of the majority opinion, which, in my view, offends com *186 mon sense and places an intolerable and unreasonable burden upon automobile policy holders to research and investigate the intricacies of state statutory law in order to understand the policy provisions that they contracted and paid premiums for. I therefore respectfully dissent.
I.
The majority opinion focuses only upon the interpretation of the contractual term “due by law,” holding that the term is unambiguous. It therefore precludes Chiao’s claim for benefits on that basis alone. Implicit in the majority’s holding is the belief that the tort immunity of a co-employee — who has not been sued by Chiao and against whom Chiao has made no claim — defeats Chiao’s claim against her own insurer for benefits. If, however, the co-employee immunity provision does not reach the situation where an injured employee sues her own insurer, and I conclude that it does not, then the term “due by law” in the policy is not preclusive of Chiao’s claim for benefits. In my view, the first misstep of the majority opinion is that it does not take sufficient notice of the ambiguous legal landscape against which we must read the term “due by law.”
Contrary to the majority opinion, it is by no means clear that Chiao received all the benefits which she was “legally entitled to recover” or “due by law.” The Pennsylvania courts permit an insured to recover both uninsured or underinsured motorist benefits and Workers’ Compensation benefits, notwithstanding the exclusive remedy of the Workers’ Compensation Act and its co-employee immunity provision. In Gardner v. Erie Ins. Co., 555 Pa. 59, 722 A.2d 1041 (1999), the Pennsylvania Supreme Court held that an employee’s receipt of Workers’ Compensation benefits did not preclude receipt of uninsured motorist benefits for injuries sustained in a work-related accident caused by a third-party’s negligence. Id. at 1047. The court explained:
Such contractual recovery, where premised upon wrongful third-party conduct, is not against the co-employee, nor does it proceed on the basis of any actual or potential legal liability on the part of the co-employee. Therefore, the co-employee immunity of Section 205, by its terms, is not implicated.
Id. at 1046-47. Gardner, however, left unanswered the question we must decide in Chiao’s appeal: whether the co-employee immunity provision prevents Chiao’s recovery of underinsured motorist benefits from her own insurance company where her claim arises out of the negligence of a co-employee. See id. at 1046 n. 12.
The majority opinion does not explicitly address this question of statutory construction, although it infers that the co-employee immunity provision is implicated in this case. Chiao, however, is not suing her co-employee, nor is she suing her coemployee’s insurance company. Rather, she is suing her own insurance company to recover benefits for which she has paid the premiums. While Chiao may not be legally entitled to recover damages from her co-employee, it by no means follows that she is not entitled to recover benefits from her own insurance company. Inasmuch as this is a contract action between the insured and her insurer, I would hold that the co-employee immunity provision does not prevent Chiao’s recovery of benefits from her own insurer. See Barfield v. Barfield, 142, P.2d 1107, 1111 (Okla.1987) (“Employer-Employee tort immunity under the Workers’ Compensation Act does not preclude recovery under one’s own contract of insurance with an insurance carrier unrelated to the employer-employee relationship.”). Such a holding would comport with the public policies underlying the WCA, which is “to be liberally construed in the injured employee’s favor and *187 in furtherance of its humanitarian purpose.” Gardner, 722 A.2d at 1047.
II.
Moreover, even putting aside this question concerning the reach of the co-employee immunity provision, I have an even more serious problem with the majority opinion: its interpretation of “due by law” requires far too much from insureds.
Chiao’s policy contains eight specific exclusions, not one of which mentions the negligence of a co-employee. If Nationwide had seen fit to specify an exclusion in its policy stating that Chiao would not recover by driving with a co-employee, I would be more inclined — albeit grudgingly — to accept the majority’s decision. At least then Chiao’s policy would have contained an explicit exclusionary provision, which would have informed Chiao that she need not engage in the almost impossible task of discerning the meaning of the term “due by law” as used in her policy. In the absence of such an exclusion, Chiao was required to embark on a wholesale review of Pennsylvania motor vehicle law and Workers’ Compensation law in order to understand what her policy covered her for and what it did not cover — to say nothing of the confusing interplay between the two statutory schemes. This simply is too much to ask of insureds: it should not require an analysis of state statutory law in order to understand an insurance policy.
Chiao paid premiums for underinsured motorist benefits to cover precisely the circumstance which arose here — to protect herself when the liability coverage of another motorist provided insufficient coverage. That the underinsured driver happened to be a co-employee is an entirely fortuitous circumstance having no real legal significance, at least in the absence of an express policy exclusion. I can imagine a common situation where a friend of Chiao’s or even an acquaintance offers to drive her home from work on a day that Chiao does not have her own vehicle. At some point during the day, however, her secretary or any other employee of her company comes by her desk and says, “I’ll be going your way, I’ll drop you off myself.” Had she accepted the ride from her co-employee and was then injured, under the majority opinion she would forego any recovery for underinsured motorist benefits. But had she accepted the ride home with even a complete stranger, she would be entitled to recover the same benefits in the event of an accident. This situation offends common sense.
In light of the foregoing considerations, I cannot agree with the majority that the term “due by law” is unambiguous. And “[i]n close or doubtful cases, we must interpret ... the language of the insurance policy to favor coverage for the insured.” Kmonk-Sullivan v. State Farm Mut. Auto. Ins. Co., 746 A.2d 1118, 1123 (Pa.Super.Ct.1999). Doing so here, I respectfully dissent.