J-S07021-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| ALLEN RAY ETTINGER, | |
| Appellee | No. 1165 MDA 2014 |

Appeal from the Judgment of Sentence of June 16, 2014
In the Court of Common Pleas of York County
Criminal Division at No(s): CP-67-CR-0001996-2014

BEFORE:  BENDER, P.J.E., OLSON AND OTT, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED APRIL 13, 2015**

The Commonwealth of Pennsylvania appeals from the judgment of sentence entered on June 16, 2014.  We affirm.

On February 4, 2014, Mr. Ettinger was arrested for driving under the influence of alcohol (hereinafter "DUI").  The Commonwealth later charged Mr. Ettinger with DUI,[1] which was enhanced based upon the averment that Mr. Ettinger refused to submit to chemical testing of his breath or blood.  Commonwealth's Information, 4/25/14, at 1; *see also* 75 Pa.C.S.A. § 1547.

On June 16, 2014, Mr. Ettinger pleaded guilty to DUI, pursuant to 75 Pa.C.S.A. § 3802(a)(1).  The conviction constituted Mr. Ettinger's second DUI offense within the prior ten years.  N.T. Sentencing, 6/16/14, at 1.

---

[1] 75 Pa.C.S.A. § 3802(a)(1).

Moreover, within Mr. Ettinger's guilty plea, Mr. Ettinger admitted that he refused to submit to chemical testing on the night in question. *Id.* at 5; 75 Pa.C.S.A. § 1547.

That same day, the trial court sentenced Mr. Ettinger to six months' intermediate punishment, consistent with this Court's holding in ***Commonwealth v. Musau***, 69 A.3d 754 (Pa. Super. 2013) (construing 75 Pa.C.S.A. § 3803(a)(1) and § 3803(b)(4) and holding that a defendant who was convicted of a second-offense DUI under 75 Pa.C.S.A. § 3802(a)(1) and who refused chemical testing could only be sentenced to the statutory maximum term of six months' imprisonment, as set forth in 75 Pa.C.S.A. § 3803(a)(1) – even though the crime is graded as a first-degree misdemeanor and even though a first-degree misdemeanor is generally subject to a five-year mandatory minimum sentencing term). Further, during Mr. Ettinger's sentencing hearing, the Commonwealth acknowledged that ***Musau*** bound the trial court and that, under ***Musau***, the trial court was "obligated to impose a six-month maximum" sentence upon Mr. Ettinger. N.T. Sentencing, 6/16/14, at 2. However, the Commonwealth objected to the trial court's sentence for purposes of issue preservation. *Id.*

The Commonwealth filed a timely notice of appeal from Mr. Ettinger's judgment of sentence. The Commonwealth now raises one claim on appeal:

> Whether the sentencing court erred when it held that six months for [Mr. Ettinger's DUI] (refusal) ([second] offense) conviction was the statutory maximum allowable sentence it could consider[?]

Commonwealth's Brief at 4 (some internal capitalization omitted).

The Commonwealth's claim fails because we, like the trial court, are bound by our holding in **Musau**.

At the time Mr. Ettinger committed his DUI offense, the relevant portions of the DUI gradation statute read:

> **(a) Basic offenses.**—Notwithstanding the provisions of subsection (b):
>
> (1) An individual who violates section 3802(a) (relating to driving under influence of alcohol or controlled substance) and has no more than one prior offense commits a misdemeanor for which the individual may be sentenced to a term of imprisonment of not more than six months and to pay a fine under section 3804 (relating to penalties).
>
> . . .
>
> **(b) Other offenses.**—
>
> . . .
>
> (4) An individual who violates section 3802(a)(1) where the individual refused testing of blood or breath, or who violates section 3802(c) or (d) and who has one or more prior offenses commits a misdemeanor of the first degree.

75 Pa.C.S.A. § 3803.[2] The statutory maximum sentence for a misdemeanor of the first degree is generally five years in prison. 18 Pa.C.S.A. § 106(b)(6).

In *Commonwealth v. Musau*, this Court was provided with an opportunity to interpret the above-quoted version of 75 Pa.C.S.A. § 3803(a) and (b)(4). In *Musau*, Mr. Musau was convicted of a second-offense DUI, where he refused to submit to chemical testing. *Musau*, 69 A.3d at 755-756. At Mr. Musau's sentencing hearing, the trial court looked to 75 Pa.C.S.A. § 3803(b)(4) and concluded that Mr. Musau's DUI conviction was to be graded as a first-degree misdemeanor. *Id.*; *see also* 75 Pa.C.S.A. § 3803(b)(4). Further, the trial court held that the general, five-year statutory maximum sentencing term for first-degree misdemeanors – as found in 18 Pa.C.S.A. § 106(b)(6) – applied to Mr. Musau's conviction. *Musau*, 69 A.3d at 755-756. In accordance with this construction, the trial court sentenced Mr. Musau to serve a term of 90 days to 5 years in jail. *Id.* at 756.

_____

[2] In response to *Musau*, the Pennsylvania Legislature amended 75 Pa.C.S.A. § 3803(a) by deleting the phrase "[n]otwithstanding the provisions of" and replacing that phrase with the words "[e]xcept as provided in." *See* 75 Pa.C.S.A. § 3803 (effective October 27, 2014). However, since the amendment to Section 3803(a) was effective on October 27, 2014, and since Mr. Ettinger committed his crime before the effective date of the amendment, Mr. Ettinger was subject to the prior version of the statute.

On appeal to this Court, Mr. Musau claimed that his sentence was illegal because it exceeded the six-month statutory maximum penalty, as provided in 75 Pa.C.S.A. § 3803(a)(1). *Musau*, 69 A.3d at 756. This Court agreed with Mr. Musau. Specifically, the *Musau* Court read 75 Pa.C.S.A. § 3803(a) and (b)(4) in accordance with principles of statutory construction and held that a defendant convicted of a second-offense DUI under 75 Pa.C.S.A. § 3802(a)(1), who refused chemical testing, could only be sentenced to the statutory maximum term of six months' imprisonment, as provided in Section 3803(a)(1). *Musau*, 69 A.3d at 758.

Important to the *Musau* Court's holding was the fact that, in drafting 75 Pa.C.S.A. § 3803(a), the Pennsylvania Legislature employed the phrase "[n]otwithstanding the provisions of subsection (b);" and, as the *Musau* Court noted, the term "notwithstanding" is defined, variously, as "in spite of," "although," or "regardless of." *Id.* at 757. The *Musau* Court held that, by employing the phrase "notwithstanding the provisions of subsection (b)" in Section 3803(a), the Legislature intended for Section 3803(a) to apply "regardless of" what was contained in Section 3803(b). *Id.* at 757-758. Thus, even though Section 3803(b)(4) graded Mr. Musau's crime as a first-degree misdemeanor, the *Musau* Court concluded that the statutory maximum term of six months' imprisonment – contained in Section 3803(a) – applied "regardless of" the crime's grade. *Id.* Hence, the Court held, since Mr. Musau's sentence exceeded the six-month statutory maximum, the sentence was illegal. *Id.* at 758.

*Musau* undoubtedly applies to the case at bar because Mr. Ettinger (like Mr. Musau) was convicted of a second-offense DUI under 75 Pa.C.S.A. § 3802(a)(1), where he refused chemical testing and, at the time Mr. Ettinger committed his offense, Mr. Ettinger was subject to the same version of 75 Pa.C.S.A. § 3803 that was interpreted in *Musau*. Indeed, within the Commonwealth's brief to this Court, the Commonwealth simply requests this Court to either overrule *Musau* or ignore *Musau* and, instead, follow contrary, non-binding *dicta* from other cases. *See* Commonwealth's Brief at 9-22. However, this Court has no power to overrule *Musau* or to ignore *Musau's* clear, binding holding in favor of non-binding *dicta*. *See Commonwealth v. Taggert*, 997 A.2d 1189, 1201 n.16 (Pa. Super. 2010) (recognizing that "one three-judge panel of [the Superior] Court cannot overrule another" three-judge panel); *Gardner v. Erie Ins. Co.*, 722 A.2d 1041, 1046 (Pa. 1999) ("the Court is not bound by statements made in *dicta*"). The Commonwealth's claim on appeal thus fails.[3]

_____

[3] We note that the Commonwealth filed a petition for allowance of appeal in *Musau* and, on February 11, 2014, the Pennsylvania Supreme Court entered an order, holding the *Musau* petition for allowance of appeal pending its disposition in *Commonwealth v. Mendez*, 71 A.3d 250 (Pa. 2013). Pennsylvania Supreme Court Order, 2/11/14, at 1. Nevertheless, on March 30, 2015, the Pennsylvania Supreme Court dismissed the appeal in *Mendez* as improvidently granted. *Commonwealth v. Mendez*, ___ A.3d ___ (Pa. 2015). Moreover, and regardless, *Musau* remains binding precedent unless and until it has been overturned by our Supreme Court or it has been overruled by an *en banc* panel of this Court. *See Marks v. Nationwide Ins. Co.*, 762 A.2d 1098, 1101 (Pa. Super. 2000) ("we have long held that
*(Footnote Continued Next Page)*

Therefore, in accordance with *Musau* and 75 Pa.C.S.A. § 3803(a)(1), we must hold that the trial court correctly concluded that Mr. Ettinger was subject to the six-month statutory maximum sentence for his DUI conviction.

Judgment of sentence affirmed. Jurisdiction relinquished.

Judgment Entered.



Joseph D. Seletyn, Esq.
Prothonotary


Date: 4/13/2015

---

*(Footnote Continued)* ————————

as long as the decision has not been overturned by our Supreme Court, a decision by our Court remains binding precedent").